J. R. Hollinsworth *v.* Provident Life & Accident Insurance Company

(No. 7266)

Submitted October 11, 1932. Decided October 18, 1932.

630

*French, Easley, Easley & French,* for plaintiff in error.
*James S. Redmond,* for defendant in error.

MAXWELL, JUDGE:

This is a notice of motion for judgment on a health-accident insurance policy. The jury returned a verdict for plaintiff for $1,487.95. Defendant prosecutes error to judgment on the verdict.

Plaintiff was injured in a fall of slate while employed in a mine of the Pocahontas Fuel Company in Mercer county September 8, 1924. He claims the total disability benefits of the policy and sues for the whole amount thereof. Issue was joined on the general issue plea, two special pleas and eight specifications of defense.

By said special plea No. 1 the defendant avers that the plaintiff ought not to recover of it on account of his injuries of September 8, 1924, because, it avers, on the 20th of September, 1924, the defendant paid the plaintiff the sum of $13.50 in full satisfaction and discharge of any and all liability on the part of the defendant to the plaintiff on account of said injury, and the plaintiff received and receipted for said sum as in full satisfaction and discharge of said liability. In support of this plea, the defendant relies upon a receipt printed on the back of the check or voucher by which the said sum was paid to the plaintiff. The receipt reads: "Received of the Provident Life & Accident Insurance Company of Chattanooga, Tennessee, the sum named on the face of this draft in full and final settlement of all claims against said company on account of any illness or accidental injury or the effects of either, sustained by me prior to the date hereof." The name of C. N. Poffenbarger is signed as witness to the signature of Hollinsworth. Poffenbarger did not testify at

the trial. Plaintiff is an unlettered Negro. He can write or print his name but reads poorly. It appears from the record that a pay roll clerk of the coal company for which the plaintiff was working acted as agent for the insurance company. Plaintiff testifies that at the office of the pay roll clerk the latter placed the draft for the $13.50 received by plaintiff in September on a desk and directed plaintiff to endorse it on the back, indicating the place for him to sign; that he did not know the purport of the release which he was signing nor was it explained to him by the agent or anyone else. Though the agent testified at the trial on behalf of the defendant, he gave no testimony on this particular phase of the case. Plaintiff's testimony in this particular stands wholly uncontradicted. The jury therefore was warranted in ignoring the defense raised by special plea No. 1. When this small payment was made (twelve days after the injury was received), the extent of plaintiff's disabilities attributable to the injury was not known. With all the more reason, therefore, should it not be held that said payment precluded the plaintiff from any further payments on account of said injury.

By special plea No. 2 it is averred that the plaintiff cannot maintain this action because, it is said, the same was not instituted within the two years from the expiration of the time within which proof of loss is required by the policy to be filed, the policy fixing such two years' limitation period. By obligations of the policy, the defendant bound itself to pay to the plaintiff for complete disability on account of accident the sum of $45.00 per month for thirty-nine months. There is thus fixed the period for which the defendant would be liable under such contingency. If plaintiff was wholly and continuously disabled by the accident of September 8, 1924, as contended by him, and as believed by the jury, the thirty-nine months' period of liability assumed by the company expired in December, 1927. Within two years after the expiration of that period, the suit was instituted, the date of institution being October 29, 1929. While the plaintiff had the right to sue for monthly installments as and when they became due, his right of action on the whole claim, of course,

did not accrue until all of the installments matured. The two year period of limitation must therefore be construed as running from the time the plaintiff's right of action accrued on the whole. *Kenny* v. *Accident Ins. Co.*, (Iowa) 113 N. W. 566. As to proof of loss, reference will be made later in this opinion.

Now as to specifications of defense. (1) That on account of his injury of September 8, 1924, the plaintiff was not wholly and continuously disabled and prevented from performing any and every duty pertaining to any business and occupation as required by the policy as a condition to liability thereunder as asserted by the plaintiff. Most of the evidence centers around this item of defense.

There is conflict as to when the plaintiff returned to work and as to how long he worked thereafter. The plaintiff contends that he did not resume his labors until almost a month after the accident; that he then worked only a week; and that he has not worked since. As to the time when he returned to work and the period for which he remained, he is corroborated by two fellow workmen, and a woman in whose home he was reared. Defendant takes the position that plaintiff returned to work about a week after his injury and worked steadily for about three months. In support of this, reliance is had upon the testimony of the pay roll clerk of the coal company who purports to testify from memoranda taken from the books of the coal company. He says the books show payment to plaintiff for labor performed the latter half of September, and in October, November and December, 1924. The books are not in evidence. The witness testified that he had no personal knowledge of labor performed by the plaintiff but that he made the book entries from reports furnished him by the mine foreman. Neither the mine foreman nor anyone else on behalf of the defendant undertakes to sustain the contention that the plaintiff worked through the period indicated by the pay roll clerk. The jury was warranted in resolving this issue of fact against the defendant. The plaintiff testifies that he returned to work three or four weeks after his injury because the coal company physician insisted that he was able to work, and that

if he did not return to work promptly he would lose his job. Plaintiff further testifies that during the week he remained on the job he was unable to work; that his fellow workmen assisted him as best they could; and that the mine foreman discharged him at the end of the week because of his inability to perform his duties.

As to his inability to work at that time, plaintiff is corroborated by two fellow workmen. The mine foreman was not called as a witness by either the plaintiff or the defendant, nor does it appear whether he was available as a witness.

In January and March, 1925, two payments were made by the defendant to the plaintiff on "sick claims" filed by him. It does not appear on either of the claims filed by the plaintiff that the alleged sickness was attributable to the injury of the preceding September, but plaintiff asserts in his testimony that such was the case. But, if so, if plaintiff was totally disabled by the September accident thereby laying upon the defendant the full liability as provided by the policy, the defendant would in no wise be relieved from such total liability by the fact that it made two payments in the early part of 1925 and took from the plaintiff purported releases in the same form as that which it took from him in the preceding September, as already discussed.

Doctors who examined the plaintiff for the first time in 1929, with the aid of an X-ray, a short time before this suit was brought, stated that he had sustained a fracture to his spine in the lumbar region and that a formation of callous had developed at the site of the fracture in the process of healing, causing pressure upon the motor and sensory nerves in that vicinity. Plaintiff's locomotion is now seriously impaired. The doctors were of opinion that the plaintiff's present disability could be attributable to his spinal injury and the resultant callous formation.

(2) By this specification, it is alleged that the plaintiff did not become wholly disabled within thirty days after he received his injury. The discussion under No. 1 covers this item also.

(3) That the plaintiff did not receive the services of a legally qualified physician or surgeon at least once in each seven days, as required by the policy. The plaintiff testifies that the reason he did not have the regular services of a physician or surgeon was because the defendant did not make to him the monthly payments to which he was entitled under the policy by reason of his disability.

(4) That the plaintiff by reason of having received the "sick benefits" in January and March, 1925, is precluded from recovery on account of an antecedent accident. Reference has been made above in this opinion to this situation. In addition, it should be observed that the jury seems not to have allowed recovery by the plaintiff for the periods for which he was voluntarily compensated by the defendant.

(5) That the plaintiff did not furnish to the defendant every thirty days after his accident (or as near thereto as was reasonably possible) a report in writing from his attending physician or surgeon setting forth the condition of the insured as to the probable duration of his disability; (6) That the plaintiff did not furnish to the defendant proof of loss within ninety days after the termination of the period for which it is alleged the company is liable, and that the last proof of loss furnished by the plaintiff was under date of April 28, 1925. Plaintiff seeks to meet these two items of defense by testifying that he called upon the agent of the defendant and requested that he be furnished with proper blanks upon which to make these reports and proofs of loss but that the agent declined to give them to him. Plaintiff is corroborated in this by the woman to whom reference has already been made. The agent to whom reference is made (the same individual was pay roll clerk for the coal company) when he testified on behalf of the defendant was silent on this proposition. The woman testifies that thereafter she wrote a number of letters to the defendant, informing it of plaintiff's condition, but that there was no response.

(7) This specification raises the two year limitation of action question presented by special plea No. 2, already discussed.

(8) This specification invokes a provision of the policy which requires strict compliance on the part of the insured and beneficiary with all the provisions of the policy as a condition precedent to recovery thereunder. This, of course, must be interpreted to mean a reasonable compliance with the provisions of the policy, under legal principles applicable thereto.

Before submitting the case to the jury for determination, the court gave a comprehensive instruction of its own to the jury, also two instructions tendered by the defendant. Seven instructions tendered by the defendant were refused. None were offered by the plaintiff. Defendant says there was error, prejudicial to it, in the court's instruction, and that there was error in the refusal of its seven rejected instructions, particularly No. 8.

The feature of the court's instruction which the defendant points out specially as erroneous and prejudicial is that portion which, in effect, excused the plaintiff from obtaining the services of a legally qualified physician or surgeon at least once in each seven days during the period for which he asserts disability on his part and consequent liability on the defendant. Defendant says this requirement of the policy was unconditional. We are not impressed that this position is reasonable. If the plaintiff was wholly disabled by reason of his accident (a jury question), if he had vainly endeavored to obtain from an agent of the defendant proper blanks upon which to make reports and proofs of loss (a jury question), and if thereafter numerous communications were sent to the defendant informing it of plaintiff's condition and there was no response (another jury question), it would seem to be entirely in accord with ordinary conceptions of right and justice for the trial court to tell the jury, in effect, that if they believed from the evidence that the plaintiff was unable to obtain the services of a physician or surgeon under such circumstances, the said requirement of the policy should not be deemed inflexible.

Defendant's instruction No. 8 would have told the jury that if they believed from the evidence that the plaintiff re-

turned to work in the fall of 1924, after receiving his injury, and worked for wages from September 17th to December 15th, he could not be considered as wholly and continuously disabled within the meaning of the policy. It will be recollected from a prior reference thereto in this opinion that there was a sharp issue of fact on this proposition. This instruction should have been given as it fairly presents the defendant's side of that issue. But was the refusal of this instruction prejudicial error? We think not, because we are of opinion that in the court's instruction, above mentioned, there is an element which substantially covers the proposition presented by defendant's instruction No. 8. The portion of the court's instruction to which we refer is this: After reciting the conditions precedent to the right of recovery by the plaintiff and predicating the plaintiff's right to recovery thereon, the court told the jury that, in such aspect, the plaintiff would be entitled to recover "indemnity at the rate of $45.00 per month for such time and such time alone as you may believe by a preponderance of the evidence that he was wholly and continuously disabled and prevented from performing any and every duty pertaining to any business or occupation." Now it is obvious that this language specifically directs the attention of the jury to the very issue upon which defendant's instruction No. 8 was predicated. A jury of intelligent men could not have found for the plaintiff in the light of that feature of the court's instruction without expressly negativing the defendants proposition that the plaintiff had worked for his employer for three months in the fall of 1924, after receiving his injury. It must therefore be considered that the jury necessarily gave attention to the very matter which defendant's instruction No. 8 sought to call to their attention. In consequence whereof we are unable to perceive that the defendant could have suffered prejudice because of the refusal of said instruction. While it is, of course, a fundamental rule that a litigant is entitled to have his theory of the case presented to the jury by instructions tendered by him which fairly state the law, it does not follow that every departure from that rule involves prejudicial error. Where

such rejected instruction would direct the jury's attention to a matter to which its attention is not called directly or by necessary implication by some other instruction, there would be prejudicial error, but, as in this case, where the matter is otherwise fairly presented to the jury we are of opinion that it would be carrying the rule too far to hold that the case should be sent back for re-trial on that account.

As to other instructions of defendant refused, we likewise perceive no error.

We are of opinion to affirm the judgment of the trial court.

*Affirmed.*