24897. METROPOLITAN LIFE INSURANCE CO.
*v.* FOSTER.

DECIDED FEBRUARY 27, 1936. REHEARING DENIED MARCH 17, 1936.

*Smith, Smith & Bloodworth, W. H. Smith, W. Carroll Latimer,* for plaintiff in error.

*T. J. Lewis, John T. Dennis,* contra.

BROYLES, C. J. Ras E. Foster brought suit against the Metropolitan Life Insurance Company on a policy of insurance, alleging that he lost his left arm and sustained a nervous shock which rendered him totally and permanently disabled, and that because of such disability the company was due him $2880, this being forty monthly payments of $72 each. The defendant denied liability, and demurred to the petition on the grounds that it set out no cause of action, that the entire cause of action was barred by the statute of limitations, and that certain installments and portions of the amount sued for were barred by the statute. The court overruled the demurrer. On the trial verdict and judgment for the plaintiff were rendered. The defendant made a motion for a new trial, alleging that the court erred in instructing the jury that the claim was not barred by the statute of limitations, and that proof of loss was furnished, and that they should "find those two things in favor of the plaintiff;" and erred in charging the jury that the plaintiff "would be entitled, if you find the issue as to total and permanent disability in his favor, to recover all installments that fell due after October 4, 1926." Error is assigned on the overruling of the demurrer and the motion for new trial. The issues raised by the demurrer and the motion are largely interwoven, both as to there being no cause of action since there was

no proof of loss as a condition precedent to bringing the action, and also as to the action being barred in whole or in part by the statute of limitations; and they will be discussed together.

On January 3, 1926, the plaintiff lost his arm while engaged in his occupation as a railroad switchman. As shown by an excerpt from the charge to the jury, to which excerpt no exception is taken, "when the case was tried, the defendant admitted that all premiums upon this policy had been paid, and admitted in open court that the policy was in force on January 3, 1926." The plaintiff brought suit on April 13, 1934, conceded that the first twenty monthly installments (of the sixty provided for in the policy) were barred by the statute of limitations, and asked only for recovery of the last forty. The first monthly installment accrued on October 4, 1926, which was the date the company denied liability on the policy, as shown by a letter of that date from the company to the plaintiff's counsel, stating that the insurance "was cancelled January 3, 1926, and is not in benefit at the present time." The plaintiff elected to wait until all the installments became due, and brought suit on the entire contract, less the twenty monthly installments which had accrued more than six years before the filing of the suit. Since, under the policy, the insurance was not due in a lump sum at the time of the injury, but was due in sixty monthly installments of $72 each, the cause of action was not barred. In *Heakes* v. *Heakes*, 157 *Ga.* 863, 868 (122 S. E. 777), it was said: "'Where a judgment is made payable in installments, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due.'" In *Benton* v. *Roberts*, 41 *Ga. App.* 189 (152 S. E. 141), it was held that "the statute of limitations did not commence to run in favor of the defendant until the last breach, where the plaintiff made no election to accept an intermediate breach as a termination of the contract." In *Glass* v. *Grant*, 46 *Ga. App.* 327 (2) (167 S. E. 727), it is held: "Where an entire contract for a stated sum provides for payment in annual equal installments, the statute of limitations does not begin to run until after the date the last installment becomes due [citing authorities]. A contrary rule, which would necessitate or require a multiplicity of suits and in many cases a multiplicity of foreclosures of liens, would be against the general policy to avoid litigation and a multiplicity of actions.

The contract being entire, the promisee is entitled to wait, if he chooses, until the defendant has defaulted as to the contract in its entirety, plus the period of limitation given him." See also *Atlanta, K. & N. Ry. Co. v. McKinney,* 124 Ga. 929, 936 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215) ; Hollinsworth *v.* Provident Life & Accident Ins. Co., 112 W. Va. 629 (166 S. E. 276) ; Kenny *v.* Bankers Accident Ins. Co., 136 Iowa, 140 (113 N. W. 566). Under the allegations of the petition and the above-cited authority, the judge properly overruled the demurrer averring that the action was barred by the statute of limitations; and in the light of the undisputed evidence he properly eliminated from the consideration of the jury the question whether the cause of action was barred by the statute, complaint of which is made in the motion for a new trial.

The plaintiff in error insists that there was no proof of loss, and that this was a condition precedent to bringing suit. Mr. H. A. Bayer, supervisor for the company, in writing to the attorney for the plaintiff, said: "We respectfully differ with your contention that a claim was duly made upon us in 1926 for total and permanent disability benefits. If you will refer to your letter of August 31, 1926, you will find that you then had the mistaken idea Mr. Foster's policy provided for the payment of $500 in the event of the loss of a limb." There is no merit in this contention. Assuming that the letter of August 31, 1926, could be construed as claiming $500 for the loss of a limb as a part of the insurance due, it *also* stated in plain, unambiguous language that the policy was for *$4000,* and provided for "monthly indemnity," and it gave the company full notice that "on January 3, 1926, Mr. Foster had the misfortune to lose his left arm while engaged in his occupation as a switchman in the yards of the railway company at Atlanta, and has been since said date *permanently, continuously, and wholly prevented thereby from performing any work pertaining to his occupation,"* and requested the company to forward, "immediately upon receipt of this letter, *the necessary proofs of loss, in order that he may file his claim."* (Italics ours.) Although requested to do so, the company never forwarded the forms for proof of loss. Later correspondence showed that the company had notice of the claim; and on October 4, 1926, the company wrote to the plaintiff's attorney, denying liability. Had there been an issue of

fact as to whether the plaintiff gave the above-stated notice, it would have been a question for the jury; but the construction or sufficiency of the notice was for the court. In *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751 (2) (12 S. E. 18), it was held: "Where the policy stipulates for preliminary proof of loss, and the declaration alleges that such proof was furnished, and where the whole declaration is denied by plea, the plaintiff is entitled to verify the allegation by submitting in evidence the affidavits which were furnished to the company as preliminary proof. But the affidavits are evidence for the sole purpose of showing compliance with the terms of the policy as to preliminary proof, and the better opinion is that their sufficiency is for the *court.* They are no evidence against the company of any fact stated in their contents." (Italics ours.)

In Continental Life Ins. Co. *v.* Searing, 240 Fed. 653, 655, it was held: "The policy provides the beneficiary furnish due proofs of death of the insured as a condition precedent to a right of action. When, therefore, proofs of death are offered in evidence, they are received by the court to enable it to determine whether the condition precedent to suit has been met. The jury have nothing to do with that question or with the contents of such proofs. The preparatory question of the sufficiency of the proofs should be so disposed of by the court itself that the contents of the proofs are not disclosed to the jury. If the court is satisfied that the proofs fulfill the requirements of the policy, it is its duty to allow the case to proceed, and thereafter the jury's province begins to consider such pertinent evidence as may thereafter be produced. If the court is of opinion the proofs offered are not in due form and substance, the court so holds, and there is no issue for the jury to try. It will thus be seen that in the ordinary case the proofs are for the consideration of the court alone, and having satisfied their purpose, namely, the fulfillment of a step precedent to the right of action, they have served their purpose, and for jury purposes they disappear from the case." In Security Bank *v.* Equitable Life Assurance Society, 112 Va. 462 (71 S. E. 647, 35 L. R. A. (N. S.) 159, Ann. Cas. 1913B, 836), it was said: "One of the principal controversies raised in the case is whether or not the preliminary proofs of death are to be passed upon by the court as constituting a condition precedent to the right to bring the suit, or

whether it is for the jury to determine whether or not they comply with the provisions of the policies, which required the plaintiff to furnish satisfactory proofs of death of the assured. We are of opinion that the weight of authority imposes the duty upon the court to determine, in the first instance, whether or not the proofs are satisfactory. In 25 Cyc. 947, note 27, in enumerating questions of law for the court, there is included: 'The legal effect and sufficiency of the proofs of loss furnished in compliance with the requirements of the policy'—citing a number of cases. In Citizens Fire Ins. Co. v. Doll, 35 Md. 89 (6 Am. R. 360), it is said: 'The preliminary proofs of loss required by an insurance company of the assured are not per se evidence to the jury of his loss. They are conditions precedent to his right to recover, and it is for the court, and not for the jury, to decide on their sufficiency.'" Other cases from other States were quoted, and the court concluded with the holding: "From an examination of the authorities we have reached the conclusion that it was for the court to pass upon the sufficiency of the preliminary proofs." In view of the foregoing, and other authorities, we hold that the construction and sufficiency of the proof of loss furnished by the assured were matters for the court to determine, and that the judge properly excluded this from the consideration of the jury. There is no merit in the ground of the motion for new trial assigning error thereon.

That the court properly construed the proof as sufficient is supported by the undisputed facts and by ample authority. The policy does not specify any particular form for proof of loss— whether it shall be oral or written, or what it shall contain. It merely provides for "due proof." Since the company furnished no form for proof of loss, which is undisputed, the proof furnished by the plaintiff as a condition precedent to filing suit was all that could have been required. Indeed, it is difficult to conceive of how the plaintiff could have done more, since his request for proof of loss forms had not been complied with. In Travelers Ins. Co. v. Sheppard, supra, it was held: "Though the policy stipulates that the preliminary proof of death, etc., to be furnished, shall be 'direct and affirmative proof,' any proof that ought to be satisfactory will suffice, although it may involve inference of the main fact from other facts, and therefore be properly denominated cir-

cumstantial rather than direct evidence." If proof involving mere "inference of the main fact" will suffice where the policy called for "direct and affirmative proof," certainly the direct statements of the main fact in the instant case would meet the less emphatic requirements of "due proof." In *Life Ins. Co. of Va.* v. *Williams,* 48 *Ga. App.* 10 (172 S. E. 101), it was held that mere written notice of total disability (as was given in the instant case) was a sufficient compliance with the provisions of the policy, and that a refusal to furnish blanks for proof of loss, or a denial of liability, constituted a waiver and relieved the assured of furnishing proof of loss. In that case the court held: "Where notice of disability is furnished to an authorized agent of an insurance company, and a request is made for blanks on which to make out a proof of disability, and such proof is made within the proper time for furnishing proof, and the agent refuses to furnish the blanks, on the ground that no liability exists, because the policy has lapsed by reason of non-payment of the premium, this constitutes a waiver binding on the insurance company, and the insured is relieved of the necessity of furnishing proof of disability." And "It is the settled law of this State that where an insurance company, within the time for presenting proof of loss, denies liability or refuses to pay the loss, it thereby waives the necessity of furnishing proof. [Citations.] It has been held by numerous authorities in this State that an absolute refusal to pay or a denial of liability under the policy, made by an authorized agent of the insurer, waives the requirement of proof of loss. [Citations.] If liability is denied on the ground that the contract of insurance was not in force at the time of the loss, notice and proofs of loss are waived. 33 C. J. 32, § 694. If the insurer refuses to furnish blanks for proof of loss or disability, on the ground that no liability exists, it waives the furnishing of such proof in behalf of the insured. . . In addition to the waiver of proof of disability by the general agent of the insurance company on August 2, 1930, a written notice of total disability of the insured and of his death was given to the general agent of the insurer. . . We are of the opinion that this was a substantial compliance with the provisions of the policy with reference to the giving of proof of disability and death, and was sufficient. [Citations.]" Under the foregoing authority and the particular facts of this case, the court did not err in holding

that the notice given was sufficient proof of disability to be furnished as a condition precedent to bringing the suit.

The plaintiff testified that his arm was cut off and his back hurt; that he was very nervous, and would get hot and weak when he exerted himself; that he stopped school while in the grammar school; that his job as a switchman, which he had at the time of the injury, required, among other things, that he climb ladders on railway-cars; and that the only three jobs that he ever had in his life, which he described, required both hands. The trainmaster for the railroad company testified that he offered the plaintiff two jobs which a one-armed man could perform; but the plaintiff denied this, which left that question for the jury. However, "Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living. . . When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner. Total disability does not mean absolute physical inability to work at one's occupation, or to pursue some occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence require him to desist, and he does in fact desist, from transacting his business. In such circumstances, total disability exists." *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787). See also *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781); *Marchant* v. *N. Y. Life Ins. Co.*, 42 *Ga. App.* 11 (2) (155 S. E. 221); *Prudential Ins. Co.* v. *Baker*, 49 *Ga. App.* 505 (3) (176 S. E. 134). The ruling in the *Cato* case, quoted above, has been consistently adhered to, and we are bound thereby.

Under the evidence and the authorities cited, the verdict for the plaintiff was authorized. No error of law is shown; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*