**ALLSTATE INSURANCE COMPANY,**
Plaintiff,

v.

**Lucien G. EDWARDS and Phillip A. Hudson, Defendants.**

**Civ. A. No. 647.**

United States District Court
N. D. Georgia,
Newnan Division.
Nov. 2, 1964.

Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for plaintiff.

Roy H. Phillips, Phenix City, Ala., and James H. Fort, Columbus, Ga., for defendant Edwards.

Sanders, Mottola & Haugen, Newnan, Ga., for defendant Hudson.

MORGAN, District Judge.

Allstate Insurance Company (hereinafter referred to as Allstate), proceeding under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, has brought suit against Lucien G. Edwards and Phillip A. Hudson, seeking to be discharged from responsibility to defend any suit or pay any judgment arising out of a certain

accident involving its insured, Edwards, for the reason that the insured Edwards had failed to give notice to Allstate as required by the insurance contract between Allstate and Edwards.

Allstate, pursuant to Rule 56 of the Federal Rules of Civil Procedure, has moved for a summary judgment, filing therewith its affidavits and brief of law. Defendant Edwards has filed affidavits and a brief of law in opposition to the motion. Under Local Rule 8, the motion is now properly before the Court for disposition.

Prior to the date of May 25, 1959, the defendant Edwards was insured under a policy of liability insurance issued by Allstate. On the date of May 25, 1959, Edwards, the insured, was accidentally struck by his own automobile in a parking lot at Phenix City, Alabama, while the said automobile was being operated by Phillip A. Hudson, a companion of Edwards. Immediately after the accident, insured Edwards, a serviceman, was transported to the Army Hospital at Fort Benning, Georgia, a short distance from the scene of the accident. Insured Edwards asserts that he instructed companion Hudson (a fellow serviceman) to notify Allstate and later was assured by Hudson that the notice had been given. About 30 or 40 days thereafter, insured Edwards asserts that he became concerned and telephoned an Allstate office in Columbus, Georgia, at which time he reported the accident. Not having heard from Allstate in 3 or 4 months, defendant Edwards asserts that he again called a lady in the Columbus office of Allstate, at which time he was assured by the lady on the telephone that a Mr. Stoller would contact him. Thereafter, on February 22, 1960, Edwards consulted with attorney Roy H. Phillips at his home city of Phenix City, at which time Allstate was again notified concerning the accident.

The contract of insurance issued to insured Edwards by Allstate requires that written notice must be given to Allstate "as soon as practicable". Allstate seeks judgment based upon a finding that no notice of loss was given by defendant Edwards or by anyone on his behalf until February 22, 1960, almost nine months after the alleged accident, which occurred on May 25, 1959, and that failure to receive timely notice has resulted in material prejudice in its efforts to investigate the circumstances of the accident.

Evidence of Allstate shows that Mr. Stoller was head adjuster of its Columbus office from May 1, 1959, through February 22, 1960, and that the entire personnel and staff of the office at Columbus was composed of R. H. Stoller, Wayne S. Gilliland, James S. McGee, Norman Bradfield, and Ned M. Roach. All members of the staff deny ever having a telephone conversation with insured Edwards or anyone in his behalf and deny any knowledge of the accident of insured until February 22, 1960, when Edwards called adjuster Stoller by telephone.

The evidence is undisputed that Hudson, the companion of Edwards and the alleged tort-feasor, who was operating insured's automobile at the time of the accident, was unavailable at the time of the notice of February 22, 1960, for the reason that Hudson had been transferred overseas; and that, because of the delay and failure to report the accident, Allstate has been materially prejudiced in that it was not able to inform itself promptly concerning the accident, and, particularly, in that it could not interview Hudson or view the physical evidence at the scene.

The question to be decided by this Court is whether this Court, as a matter of law, can determine that no written notice of the accident was given "as soon as practicable". As was stated by Judge Jones in the case of Greyhound Corporation v. Excess Insurance Company of America, (5 Cir., 1956) 233 F.2d 630, 636:

"The question as to whether the notice was given in proper time and the question as to whether Excess was prejudiced by the delay are gen-

erally questions of fact. However, where the facts as asserted by the assured are such that, if established, there could be no recovery; or where the undisputed facts are such that would preclude the assured's recovery, then the question becomes one of law for determination of the court and a proper matter for disposition by summary judgment."

See also Public National Insurance Company v. Wheat, 100 Ga.App. 695(9), 112 S.E.2d 194; Metropolitan Life Insurance Company v. Foster, 53 Ga.App. 21, 25, 184 S.E. 660.

The defendant Edwards cites as authority the case of Maryland Casualty Company v. Sammons, (5 Cir., 1938) 99 F.2d 323, where it was held by the Court:

"It was the duty of insured here to report the accident as soon as practicable. This does not mean that every trivial accident that occurred should be reported. An accident that an ordinarily prudent individual acting reasonably would consider, under all the circumstances, as inconsequential, and which would not afford the basis of any claim, the insured was not bound to report."

The facts in the case at hand, however, differ from the case of Maryland Casualty Company v. Sammons, supra. The insured Edwards was the injured party. The evidence shows that Edwards was carried to the hospital at Fort Benning from the scene of the accident at Phenix City. Under his own evidence, Edwards claims to have depended on his companion, Hudson, the tort-feasor, to report the accident. Apparently, from Edwards' affidavit, he was cognizant of the notice required by his insurance company, as he states that Hudson had his wallet with the insurance identification card after the accident at which time he directed Hudson to notify Allstate.

The only other evidence of purported notice by the insured Edwards to Allstate of his injuries were two purported telephone calls to a lady in the office of Allstate in Columbus, Georgia. No attempt was made to identify the lady at the Allstate office, and the evidence fails to show notice. The evidence of Allstate is uncontradicted and is clear and unequivocal that the entire staff at Columbus from the date of the accident on May 25, 1959, through the date of February 22, 1960, consisted of R. H. Stoller, head adjuster, Wayne S. Gilliland, James S. McGee, Norman Bradfield, and Ned M. Roach. The entire staff denied hearing of the claim until February 22, 1960.

■ Another condition of the policy concerning notice was not met by the insured in the case at hand. The policy provides that "written" notice must be given the insurer by or for the insured as soon as practicable. Admittedly, no written notice was given here. The insured failed to comply with the terms of the policy. The terms of the policy is the contract between the parties and these terms, which are clear and unambiguous, and which are neither illegal by statute or by reason of being against public policy, should be enforced by the courts. Hawkeye-Security Insurance Company v. Myers, 7 Cir., 210 F.2d 890, 893. As to the effect of failure to give written notice as provided by the policy, see Associated Indemnity Corporation v. Garrow Company, D.C., 39 F.Supp. 100, aff'd. 125 F.2d 462; Alexander v. Standard Accident Insurance Company, 10 Cir., 122 F.2d 995.

■ Even if all the facts asserted by the insured in the case at hand were established, the insured Edwards could not recover. The undisputed facts show no notice to Allstate until approximately nine months after the insured Edwards was injured. The insured did not give the required notice "as soon as practicable". See Greyhound Corporation v. Excess Insurance Company of America, supra; Dunn v. Travelers Indemnity Company, (5 Cir., 1941) 123 F.2d 710.

■ The failure to give the proper notice breached the policy and precludes

indemnity thereon. The motion of the plaintiff Allstate for a summary judgment is granted.

It is so ordered.