David **BRYANT**, Plaintiff-Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant-Appellee.

No. 84–8165.

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 1984.

Edward E. Strain, III, Cornelia, Ga., for plaintiff-appellant.

Thomas S. Carlock, R. Clay Porter, Michael L. McGlamry, Atlanta, Ga., for defendant-appellee.

■■■■■■■■■■■■■■■■

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

This diversity action for weekly wage benefits under a no-fault insurance policy with Allstate Insurance Company pursuant to Georgia Motor Vehicle Accident Reparations Act, O.C.G.A. § 33–34–1 *et seq.*,

presents a question concerning the construction and application of Georgia's six-year statute of limitations, O.C.G.A. § 9-3-24. Because this question of state law appears to control the outcome of this appeal and there are no clear controlling precedents in the decisions of the Georgia Supreme Court, we certify the question to the Georgia Supreme Court under Rule 36 of the Georgia Rules of Appellate Procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA, TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.

(1) *Style of the Case*

The style of the case in which this certification is made is David Bryant, plaintiff-appellant, versus Allstate Insurance Co., defendant-appellee, Case No. 84-8165, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia, Gainesville Division.

(2) *Statement of Facts*

David Bryant was injured in an automobile collision on July 16, 1976. Under no-fault insurance policy with Allstate, Bryant received payment for medical bills and wage benefits. The wage benefits were paid in monthly installments and were terminated on December 29, 1976. With the last payment, the insurance company stated that policy limits of $5,000 PIP benefits had been reached. On April 8, 1983, Bryant filed suit in state court, claiming that pursuant to *Jones v. State Farm Mutual Automobile Insurance Company*, 156 Ga.App. 230, 274 S.E.2d 623 (1980) and *Flewellen v. Atlanta Casualty Company*, 250 Ga. App. 709, 300 S.E.2d 673 (1983), he was entitled to $45,000 in additional wage loss benefits since the original insurance application did not include his written acceptance or rejection of the optional coverage required by O.C.G.A. § 33-34-5.

On motion for summary judgment, the district court held that the Georgia statute of limitations barred the suit. The parties agree that the six-year O.C.G.A. § 9-3-24 is the applicable statute of limitations. Plaintiff argues that the statute runs separately for each wage loss payment as it would fall due because of continued disability relying on *Metropolitan Life Insurance Co. v. Foster*, 53 Ga.App. 21, 184 S.E. 660, 661 (1936). The district court held that Georgia cases addressing installment payments on promissory notes and similar obligations should be distinguished from this action since they have definite due dates and that the statute had run on the claim.

If the statute began to run as late as December 29, 1976, the date of the last payment and notice of termination, the suit filed in April 1983 would be barred. If it begins to run when each wage payment would be due, only claims for lost wages prior to April 1977 would be barred.

(3) *Question to be Certified*

Does the statute of limitation on a cause of action based on Georgia's Motor Vehicle Accident Reparations Act, O.C.G.A. § 33-34-1 *et seq.*, claiming loss of wages, begin to run separately as to each wage loss period, or begin to run when the last payment is made, or at some earlier time.

The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this Court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Georgia and simultaneously to transmit copies of the certificate to the attorneys for the parties.