**David BRYANT, Plaintiff-Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY, Defendant-Appellee.**

**No. 84–8165**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 6, 1985.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

In *Bryant v. Allstate Insurance Company,* 740 F.2d 930 (11th Cir.1984), a diversity action for weekly wage benefits under a no-fault insurance policy, this Court certified the following question to the Georgia Supreme Court:

Does the statute of limitation on a cause of action based on Georgia's Motor Vehicle Accident Reparations Act, O.C.G.A. § 33–34–1 *et seq.,* claiming loss of wages, begin to run separately as to each wage loss period or begin to run when the last payment is made, or at some earlier time.

The Supreme Court of Georgia held that the statute of limitation began to run at the time of the accident, and "the claim for optional benefits under OCGA § 33–34–5 must be filed within six years there-

of." *Bryant v. Allstate Insurance Company*, 254 Ga. 328, 330, 326 S.E.2d 753, 755 (1985). The Court said that since plaintiff's claim for optional benefits was not filed within six years of his accident, his suit is barred.

The state limitation statute governs the period within which a suit must be brought in either state or federal court.

AFFIRMED.