SCHILLING v. TRAVELERS' INS. CO.

No. 3762.    Decided July 1, 1922.    (208 Pac. 496.)

1. INSURANCE—LIMITATION OF TIME IN WHICH TO SUE ON INSURANCE POLICY HELD NOT TO APPLY TO A CONTINUING INJURY. Where an accident insurance policy provided for the payment of $15 per week for total and continuous disability "so long as the insured lives and suffers such total disability," a provision of the policy that no action should be brought unless brought within two years from the expiration of the time within which proof of loss was required by the policy did not relate to an action for an injury claimed to have caused total disability; it being a continuing injury.

2. INSURANCE—BURDEN OF PROOF THAT RELEASE BY INSURED WAS FOR ALL LOSS TO BE SUFFERED IN THE FUTURE HELD TO BE ON THE COMPANY ISSUING ACCIDENT POLICY. In an action on accident policy to recover total disability payments, where defendant set up a release which purported to be in full of plaintiff's claim for indemnity under the policy on account of the injury, the burden was on the defendant to show that there was a dispute between the plaintiff and the defendant as to whether plaintiff would be entitled to any indemnity under the policy as a result of his injuries, and that plaintiff agreed to accept the money not only in settlement of the amount he was then claiming, but in satisfaction of any indemnity for any loss of time he might thereafter suffer as a result of his injuries.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson*, Judge.

Action by Charles W. Schilling against the Travelers' Insurance Company.  From judgment for plaintiff, defendant appeals.

AFFIRMED.

*F. C. Loofbourow*, of Salt Lake City, for appellant.

*Benjamin L. Liberman, Willard Hanson*, and *Marioneaux & Beck*, all of Salt Lake City, for respondent.

WEBER, J.

This is an appeal by defendant from a judgment in favor of respondent, who was plaintiff below.  Suit was brought by respondent on an accident insurance policy issued by appellant to respondent whereby it insured him for one year against loss from bodily injuries, as particularly stated in the schedule of indemnities, provided such injuries "shall wholly and continuously disable the insured from the date of the accident from performing any and every kind of duty pertaining to his occupation; that the company will pay so long as the insured lives and suffers such total disability a weekly indemnity of $15.00."

On December 26, 1917, while respondent was performing the duties of a fireman on an engine in the service of the Denver & Rio Grande Railroad, he was thrown against the water tank of the engine and suffered an injury to his spine.  As a result of the injury respondent has been unable to follow his vocation as a locomotive fireman and has become totally and permanently incapacitated.

One of the defenses was that suit had not been brought upon the policy within the time therein provided.  Counsel for appellant say in their brief:

"The court should have directed a verdict for the defendant on account of the suit not being brought in accordance with paragraph 14 of the standard provisions, which expressly provides that 'no action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been

filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy.' "

Many authorities are cited by appellant supporting the proposition that parties may by contract in the policy limit the time in which actions may be brought. The cases cited represent the weight of authority. Unquestionably the parties to an insurance policy may by stipulation therein agree to shorten and limit the time within which suit may be brought, provided a reasonable time be fixed, and provided such a contract is not prohibited by statute. No argument has been advanced, nor has our attention been called to any authority in favor of the claim that the provision in the policy limiting the time for bringing suit will operate as against a continuing injury. When is proof of loss required in the event of a continuing injury? As counsel for respondent say:

"The best the insured can do is to make his demand or claim at such intervals as are convenient and receive the weekly indemnities that have accrued."

The policy does not provide for a lump sum payment for total disability. The agreement is to pay fifteen dollars per week for loss of time "so long as the insured lives and suffers the disability." To hold that the protection which the insured paid for would be wholly lost by postponing the commencement of suit beyond the two-year limit would be a result clearly never intended by the parties, and not justified by any language employed in the policy. That respondent's action was brought in time and was not barred by any contractual provision of limitation in the policy seems too plain for serious argument.

Appellant assigns as error an instruction of the court regarding the burden of proof on the question of settlement, or accord and satisfaction, pleaded as a defense in the answer.

In May, 1918, respondent presented to appellant a claim for loss of time, and was paid $66.87, for which he signed a receipt as follows:

"Received of the Travelers' Insurance Company sixty-six and 87/100 dollars ($66.87) in full of claim for indemnity under policy

6809 agency No. 36G on account of injury received on or about December 23, 1917."

What the language of this receipt means becomes of importance in considering the contention of appellant that the court erred in instructing the jury that the burden was on appellant to prove that the respondent agreed to accept the money mentioned in the above receipt in full settlement of all indemnity, not only for what he then claimed, but for all loss of time he might thereafter suffer as a result of his injuries. The issue was, what did the parties intend? and also whether there was a consideration for the release claimed by appellant. The receipt says it is in payment in full for indemnity. Does it mean indemnity which was then fully paid, or does it include indemnity in the future and all future loss of time?

In 23 R. C. L. § 30, p. 402, the author says:

"A release which in terms covers only a present right will not be construed to discharge a demand which was then uncertain and contingent. Hence a clause in a release by one insured against disability from sickness, on receiving a draft for a claim for disability from illness which has not terminated at the time the claim is made, which relieves the insurer from all liability for all claim for indemnity growing out of that illness, will be interpreted in the light of the policy and proof of claim, and be limited to the liability which had accrued at the time the claim was presented, and not extended to what subsequently accrues from the same illness."

In *Moore* v. *Maryland Casualty Co.,* 150 N. C. 153, 63 S. E. 675, 24 L. R. A. (N. S.) 211, the language of a voucher was, "Discharge and release * * * from all claim for indemnity," and the court held that the voucher referred only to the claim then due.

In the instant case the trial court held the language of the receipt to be so uncertain that he could not, in construing the instrument, as a matter of law say that it included within its scope future indemnity, and therefore submitted to the jury whether the respondent "agreed to accept the money paid him not only in settlement of the amount he was then claiming, but in satisfaction of any indemnity for any loss of time he might suffer thereafter as the result of his in-

juries; and, second, that at the time the agreement was made there was a controversy or dispute between the plaintiff and the defendant as to whether the plaintiff would be entitled to any indemnity under the policy as the result of his injuries.'' The court further instructed the jury that on both these propositions the burden of proof devolved on defendant.

Appellant contends that the court violated the universal rule that the burden of proof is on the party attacking a release.

Appellant had pleaded a full settlement, accord, and satisfaction in his answer—an affirmative defense. The burden to establish that defense was clearly upon appellant. There was no issue of mistake or fraud in procuring the instrument acknowledging receipt of the money paid. Mistake was pleaded in respondent's reply to appellant's answer, but the claim was abandoned at the trial. Had respondent relied upon mistake or fraud to avoid the effect of a writing that clearly implied a full settlement, the burden of proof on that issue would have been upon him. There being no such issue, the burden was upon appellant to prove that there was in fact a valid settlement, as pleaded in its answer; such alleged settlement having been denied by respondent.

Other assignments discussed in appellant's brief are not of sufficient importance to require notice. The record contains no reversible error.

The judgment is affirmed.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.