MAURICE GINSBURG, Plaintiff, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

First Department, June 10, 1938.

*Malcolm B. Stark*, for the plaintiff.

*James D. Ewing* of counsel [*Christian H. Genghof* with him on the brief; *Alexander & Green*, attorneys], for the defendant.

TOWNLEY, J. This submitted controversy involves the construction of a non-cancelable accident and health policy issued by the defendant to the plaintiff on August 27, 1919. It was provided therein that " This policy is issued for the term of twelve months to commence on the twenty-seventh day of August, 1919 beginning and ending at twelve o'clock noon, standard time, of the place where the Insured resides. This policy may be renewed by payment of the aforesaid premium in advance from term to term of twelve months each, provided the Insured shall not have attained the age of sixty-five."

The policy was renewed by the payment of additional premiums from year to year and continued in force until canceled by mutual agreement of the parties on December 8, 1934. The last premium was paid on August 27, 1934, which would have continued the policy in force until August 27, 1935.

The policy also contained the following provision: " Indemnity under Part III, subdivisions A and B, for confining or non-confining disability, singly or combined, shall be payable for not exceeding two hundred weeks, in the aggregate during the currency of this policy."

Between the date of the issuance of the policy and December 14, 1931, plaintiff suffered various disabilities for which compensation was made. The aggregate of these periods prior to December 14, 1931, was forty-four weeks and two days. From December 14, 1931, to date, plaintiff suffered from heart disease and has been wholly and continuously disabled within the meaning of

the policy. The defendant has paid the plaintiff disability payments for one hundred and fifty-five weeks and five days which, with the payments made prior to December 14, 1931, make up a total of two hundred weeks. This carried the disability up to December 8, 1934, as of which date the company refunded the unearned portion of the premium paid for 1934, and canceled the policy.

The question presented herein is whether the liability of the company under its policy is limited to two hundred weeks in the aggregate period that the policy is in force or whether each renewal of the policy by the payment of an additional premium constitutes a new contract and entitles the insured to compensation for the full period of two hundred weeks for any disability occurring during such policy year. The same question was considered by this court in *Klein* v. *Equitable Life Assurance Society* (162 Misc. 115; affd., 248 App. Div. 720, leave to appeal to the Court of Appeals denied, 273 N. Y. 678). It was there held that each renewal of the policy constituted a new contract and that the insured might recover indemnity for the full term contracted for in the policy for such disability as occurred during any premium period. Our decision in the *Klein* case is determinative of the question presented by this submission.

A further question raised concerns the effect of plaintiff's acceptance of payments made after December 8, 1934. These payments were made upon the assumption that defendant's obligation under the policy was limited to two hundred weeks. This did not amount to an accord and satisfaction because no dispute had arisen between the parties at that time and nothing was paid except a part of what was then due. The delivery of the policy did not amount to a surrender of plaintiff's present claim. Plaintiff through ignorance had acquiesced in defendant's construction of the contract. He did not intend by the acceptance of these payments and the delivery of the policy to waive any known rights thereunder.

Judgment should be entered for the plaintiff as prayed for in the complaint, without costs.

O'MALLEY, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff as prayed for in the complaint, without costs. Settle order on notice.