SAMUEL JACOBSON, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of New York, Trial Term, Bronx County, July 7, 1941.

*Maxwell H. Goldstein*, for the plaintiff.

*Alexander & Green* [*William R. McDermott* of counsel], for the defendant.

ADLERMAN, J. In *Ginsburg* v. *Equitable Life Assurance Society* (254 App. Div. 445) the Appellate Division in this department, following its previous decision in *Klein* v. *Equitable Life Assurance Society* (248 App. Div. 720, affg. 162 Misc. 115; leave to appeal to the Court of Appeals denied, 273 N. Y. 678), decided that under a non-cancelable accident and health policy, renewable from year to year by payment of premium in advance, each renewal of the policy by the payment of an additional premium constitutes a new contract and that the insured may recover indemnity for the full term contracted for in the policy for such disability as occurs during any premium period. This action is brought on a similar policy issued to plaintiff in 1919, which provides that indemnity " for confining or non-confining disability, singly or combined, shall be payable for not exceeding two hundred weeks, in the aggregate during the currency of this policy." Defendant, having already paid plaintiff for 200 weeks on previous occasions, resists payment of further benefits under the policy. It is not disputed that renewal premiums have been paid each year.

The Appellate Division has said that if, after payment of benefits for a full term contracted for in the policy, the insured should recover from the disability and thereafter again become disabled, he is entitled to benefits for a renewed period up to a full term. The reasoning employed by the Appellate Division leaves little doubt that it is immaterial whether the recurrence of disability is due to the same cause as the disability from which there had been a recovery.

But our appellate courts have not held that, where the disability is continuous, and the maximum period of benefits contracted for in the policy is greater than a year, benefits may nevertheless be recovered by the insured beyond such period. On that question the word does not appear to have been spoken. In this doubt, if doubt there be, we are called upon to consider the defendant's contention that plaintiff's present disability is from disease contracted during the policy year 1935, for which benefits were paid up to October, 1939, an aggregate of 200 weeks.

The documentary evidence, consisting of certificates of attending physicians, leaves no doubt that prior benefits were paid by defendant on plaintiff's claim of disability due, in the main, to coronary and pulmonary diseases. Nor is there any doubt that plaintiff is totally disabled, although the court's finding is that his disability is non-confining.

The medical testimony is that, among other ailments, plaintiff has the beginning of Parkinson's syndrome (paralysis agitans). This ailment is the progression of arterial sclerosis of the brain. The medical testimony adduced by defendant is that plaintiff had generalized arteriosclerosis as far back as April, 1936, but that there was then no suggestion of Parkinson's syndrome. Of course we know that this condition takes time to develop and that the present objective findings of arterial sclerosis of the brain (such as tortuosity of the vessels of the retina) indicate that the sclerotic processes have been going on for some time. But this is not to say that the causal factor in plaintiff's present disability is the same as in the disability for which previous benefits were paid. In the light of the decisions of the Appellate Division above cited, it is immaterial that plaintiff's generalized arteriosclerosis, or even the localized arterial sclerosis of the brain, had their inception at a time when plaintiff was receiving benefits for disability caused by other ailments. Nor should recovery be denied because one ailment from which plaintiff suffers, by itself an excepted risk, has predisposed him to arterial sclerotic changes in the vessels of the brain. The physician who examined plaintiff on defendant's behalf testified that he was not disabled as a result of arterial sclerosis of the brain in 1938. The court is convinced that this condition is the primary cause of plaintiff's total, though non-house-confining, disability at the present time.

Judgment for plaintiff for $525, with interest on each weekly instalment of $12.50 from January 29, 1940, to November 9, 1940. Thirty days' stay of execution and thirty days to make a case.