ADOLPH PALEIAS, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Trial Term, New York County, June 29, 1943.

*Samuel W. Sherman* and *Leon Wasserman* for plaintiff.
*Alexander & Green* for defendant.

PECORA, J. Plaintiff sues to recover certain sums claimed to be due as benefits under a noncancelable policy of health and accident insurance issued by defendant on April 19, 1919. The policy was originally issued for a term of twelve months, for a premium of $235.20. It contains a provision for its renewal " by payment of the aforesaid premium in advance from term to term of 12 months each, provided the insured shall not have attained the age of sixty-five ". On or about April 25, 1923, at plaintiff's request, the mode of premium payments was changed to a quarterly basis. Premium payments were thereafter made every three months together with an interest charge, up to the date of the commencement of this action on October 28, 1941, thereby causing the policy to be renewed every twelve months.

. The policy provides in Part I thereof for the payment of $20,000 in the event of the accidental death of the insured. Under Part II it provides for the payment of weekly indemnity for disability caused by accidental injuries. This action, however, is predicated upon the provisions of Part III of the policy dealing with weekly indemnities for disability caused by disease. It is there provided that indemnity for total but nonconfining disability caused by disease " shall be payable for not exceeding two hundred weeks in the aggregate during the currency of this policy," at the rate of $50 per week. However, such insurance does not " cover any disability unless the disease be contracted and the disability commence while this policy is in force."

For various periods between the issuance of the policy on April 19, 1919, and August, 1933, defendant paid to plaintiff for disabilities caused by divers diseases benefits totalling 51 weeks' indemnity under the policy.

It is admitted that in October, 1933, plaintiff contracted the disease of osteoarthritis of the metatarsophalangeal joints of both feet. It is also conceded that from January 21, 1934, to the date of the commencement of this action in October, 1941, plaintiff was wholly and continuously disabled but not confined within the meaning of the policy, by reason of such disease.

On March 30, 1934, defendant approved plaintiff's claim for indemnity for disability from said disease commencing January 21, 1934, and it paid him weekly indemnities therefor for a period of 149 weeks from January 21, 1934, up to November 28, 1936.

On January 20, 1937, defendant notified plaintiff by letter that a total of 200 weeks' health benefits having already been

paid under the policy, he was entitled to no further benefits under its health provisions. The 200 weeks included the 51 weeks for which indemnities had been paid prior to August, 1933, for various other disease disabilities.

Plaintiff alleges nine separate causes of action to recover benefits for the total but nonconfining disability resulting from the aforesaid disease. As the first cause differs from the remaining eight, it will now be separately considered and adjudicated.

In the first cause of action, plaintiff seeks to recover $2,550, representing benefits for 51 weeks from November 28, 1936 — that being the last date to which defendant had paid him benefits for that disease. He bases his right to such recovery upon the principle enunciated in *Klein* v. *Equitable Life Assur. Soc.* (162 Misc. 115, affd. 248 App. Div. 720, leave to appeal to Court of Appeals denied 273 N. Y. 678); and in *Ginsburg* v. *Equitable Life Assur. Soc.* (254 App. Div. 445, leave to appeal denied 279 N. Y. 810). The latter case involved construction of the same form of policy here in suit.

Bearing in mind the fact that defendant had paid plaintiff, up to November 28, 1936, benefits for 149 weeks for said disease, the right of plaintiff to recover indemnity for 51 more weeks thereby bringing the total period to 200 weeks, finds ample support in those two cases. In the *Ginsburg* case (*supra*) the learned Appellate Division said (p. 447): " The question presented herein is whether the liability of the company under its policy is limited to two hundred weeks in the aggregate period that the policy is in force or whether each renewal of the policy by the payment of an additional premium constitutes a new contract and entitles the insured to compensation for the full period of two hundred weeks for any disability occurring during such policy year. The same question was considered by this court in *Klein* v. *Equitable Life Assurance Society* (162 Misc. 115; affd., 248 App. Div. 720, leave to appeal to the Court of Appeals denied, 273 N. Y. 678). It was there held that each renewal of the policy constituted a new contract and that the insured could recover indemnity for the full term contracted for in the policy for such disability as occurred during any premium period. Our decision in the *Klein* case is determinative of the question presented by this submission."

It is, therefore, clear from the ruling in the *Ginsburg* case, that as the defendant had paid indemnity to plaintiff for only 149 weeks for the period from January 21, 1934, to November 28, 1936, it would be liable for 51 more weeks' indemnity from November 28, 1936, irrespective of the fact that it had paid plain-

tiff, prior to January 21, 1934, indemnities for periods aggregating 51 weeks for various disabilities from other diseases.

Defendant has, however, pleaded the short period of limitations of two years fixed in the policy, as a complete defense to the first cause of action. The policy provides in paragraph " 14 ": " No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

The pertinent provision respecting the time within which proof of loss is required by the policy is contained in paragraph " 7 " thereof which provides: " Affirmative proof of loss must be furnished to the Society at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Society is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

In this first cause of action plaintiff is seeking recovery for an additional 51 weeks of disability commencing with November 28, 1936. November 20, 1937, would therefore be the date of the termination of the 51 weeks' period for which the defendant would be liable. The ninety-day period within which affirmative proof of loss must be furnished under Standard Provision " 7 " of the policy would therefore expire on February 28, 1938. Any action to recover indemnity for the period from November 28, 1936, to November 20, 1937, therefore, had to be commenced within two years from February 28, 1938, and this action was not started until October 28, 1941.

Plaintiff urges that defendant waived the filing of any further proofs of loss by its letter disclaiming liability dated January 20, 1937. I am inclined to agree with this contention, and defendant does not seriously dispute it. However, while defendant's denial of liability under the policy, by its letter of January 20, 1937, operated to relieve plaintiff of the necessity for filing proofs of loss, it did not have the effect of waiving the explicit provision of the policy concerning the period of limitation within which to bring an action. Plaintiff argues that waiver of proofs of loss made the two-year statute inapplicable, since it could not be set running without filing proofs of loss. The case of Cole v. Preferred Accident Ins. Co. (40 Misc. 260, affd. 92 App. Div. 612), relied upon by plaintiff, is clearly distinguishable. In the Cole case the policy provided

in part as follows: " No legal proceedings for a recovery hereunder shall be brought * * * unless begun within six months from the date when said Association shall have received such proof." The six months' limitation there was thus based upon the *receipt* of proofs. Since no proofs were received because they had been waived, it was held the period of limitation was never set running. In the case at bar, however, the limitation was not set running by the furnishing of proofs, but began from a fixed date, that is from the *expiration of time* within which proofs of loss must be furnished under the terms of the policy. This court holds, therefore, that the first cause of action is barred by the two-year limitation provided in the policy.

The court will now pass upon the remaining eight causes of action, all of which fall within one category and hence may be jointly considered.

These eight causes are based respectively on the eight annual renewals of the policy from April 19, 1934, to April 19, 1942. As has already been observed, these renewals were effected merely by the plaintiff's paying the premiums.

The plaintiff contends, avowedly upon the authority of the *Klein* and *Ginsburg* cases (*supra*), that each renewal is a contract in itself, and that he is entitled to recover $10,000 for 200 weeks' indemnity on each and every renewal — or a potential total of $80,000 under all the eight renewals, plus interest from the respective dates of the accrual of such causes. In view of the fact that under each of the last four renewals the full period of 200 weeks' claimed indemnity had not elapsed up to the commencement of this action on October 28, 1941, plaintiff is seeking to recover the following sums for the following elapsed periods under those last four renewals, chronologically stated: $9,200 for 184 weeks (6th cause); $6,600 for 132 weeks (7th cause); $4,400 for 80 weeks (8th cause); and $1,400 for 28 weeks (9th cause). These sums, added to the $10,000 which he seeks to recover upon each of the four earlier renewals, bring the aggregate sum for which he asks judgment to $61,200, exclusive of interest.

We will summarize plaintiff's claims in these eight causes in another way: Although the period for which he seeks indemnity from April 19, 1934, to October 28, 1941, is slightly less than 7½ years or approximately 390 weeks, for which the aggregate indemnity at $50 per week would be $19,500, he actually sues to recover $61,200, which at the same rate would represent indemnity for about 23 years or 1,224 weeks.

Upon its face plaintiff's contention is fantastic. It is obviously built up by a pyramiding process, for which the *Klein* and *Ginsburg* cases (*supra*) give no sanction whatever. Neither is there any language in the policy which gives to the insured the right to 200 weeks' indemnity for each year of continuous liability. It is true that in the *Ginsburg* case (245 App. Div. 445, *supra*) the court said " that each renewal of the policy constituted a new contract and that the insured might recover indemnity for the full term contracted for in the policy for such disability as occurred during any premium period." That, however, does not mean that each renewal creates an additional liability for 200 weeks' indemnity which may be superimposed upon a similar liability for 200 weeks' indemnity under prior annual renewals. Each renewal merely extends the one and same policy for another year. It does not create an additional policy with cumulative liabilities. It simply continues the liability of the one policy for another year.

Under the policy, as has been shown, the company is liable for a total of 200 weeks' indemnity for total and wholly continuous disability caused by disease, provided " the disease be contracted and the disability commence while this policy is in force." This condition does not exist with respect to the disability for which this suit is brought, for here the disease was contracted in October, 1933, and the disability therefrom commenced in January, 1934, and has been continuous to the date of the commencement of this action. Under the renewal of the policy which was in effect in the year between April 19, 1933, and April 19, 1934, plaintiff became entitled to no more than 200 weeks' indemnity for that single disability. He has admittedly received 149 weeks' indemnity therefor. He was entitled to indemnity for 51 weeks more. That claim is embodied in his first cause of action, which, unfortunately, is now barred by the policy limitation of two years.

Under all the circumstances, the court must direct judgment in favor of the defendant dismissing each of the nine causes of action alleged in the complaint. Settle judgment in accordance herewith.