SAMUEL JACOBSON, Respondent *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, July 2, 1943.

*James D. Ewing* of counsel (*William R. McDermott* with him on the brief; *Alexander & Green,* attorneys), for appellant.

*Maxwell H. Goldstein* for respondent.

TOWNLEY, J.    This action was brought to recover $1,050 allegedly due plaintiff as indemnity by reason of plaintiff's total disability under a policy of accident and health insurance issued by the defendant to the plaintiff.  It is alleged that the plaintiff became totally disabled within the meaning of the policy on or about January 29, 1940.  The claim is for indemnity at the rate of twenty-five dollars a week for the period from January 29, 1940, to November 9, 1940, some forty-two weeks. Defendant claims that there is nothing due under the policy.

The policy insured the plaintiff, among other things, against disability caused by disease " contracted during the term of

this policy." The indemnity is payable " for not exceeding two hundred weeks in the aggregate during the currency of this policy."

This court had occasion to construe a similar provision in *Ginsburg* v. *Equitable Life Assurance Society* (254 App. Div. 445). We held that such a policy runs for a year and that each renewal by the payment of an additional premium constitutes a new contract under which an insured may recover indemnity for the full term contracted for in the policy for such disability as occurs during any premium period.

The question here is whether the disease from which the plaintiff is now suffering is a disease different from the one he had when he made a prior claim for total disability and received payment for a full 200 weeks. Without going into any extended statement of the plaintiff's various illnesses, it is sufficient to say that the trial court found that the present illness was a new disease because it was described as Parkinson's syndrome or paralysis agitans. We think that it was against the weight of the evidence to hold that this was a new disease which would entitle the plaintiff to further indemnity payments of the maximum of 200 weeks. The plaintiff's own witness, Dr. Helfand, testified that the present illness was not a new process but was the same process that occurred in 1934 and has continued to develop. The witness was asked " Did anything occur, on the basis of the history given to you, to cause you to believe, as a doctor, between October, 1939, and January, 1940, that this man had suffered a new disease? " The reply was " No, sir."

The determination of the Appellate Term and the judgment of the City Court should be reversed, and judgment directed in favor of the defendant, with costs to the defendant in all courts.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the City Court unanimously reversed, and judgment directed in favor of the defendant, with costs to the defendant in all courts. Settle order on notice.