Townlet, J.
The plaintiff is the beneficiary of a life insurance policy issued by the defendant on the life, of one Paul H. Kurzweg, its officer and employee, who died on January 17, 1945. The policy was issued June 27, 1927, in the amount of $10,000 payable on the death of the insured. It was a ten-year *416 term policy. Paragraph “ 11 ” of the policy provides: * this Policy may be renewed without medical examination for a further term of Ten years ” at a higher premium. Timely notice of renewal was concededly given. The defendant has consistently claimed that the renewal was ineffective because the insured was receiving disability benefits.
Annexed to the policy were two supplemental contracts of insurance, one for disability insurance and the other for double indemnity insurance. Under the contract for disability insurance, the defendant was obligated to pay certain monthly benefits for 120 months in the event of total disability of the insured arising “ as the result of bodily injury occurring or disease originating after the issuance of said Policy ”. In that event also payments of premiums were waived during the disability. The supplemental contract provided that disability payments were “ In lieu of the payment of the insurance under said Policy at the death of the Insured * * V’ Furthermore, it was provided that if the insured recovéred from his disability, the insurance under the policy would be revived in a reduced amount as determined by a stated formula. The disability contract gave an option to renew the disability insurance for a period of five years only (and not ten years as provided in the life insurance policy) upon the payment of an increased premium. The double indemnity feature is the usual one of the payment of an additional $10,000 in the event of the accidental death of the insured.
On January 8, 1933, the insured became totally and permanently disabled and the company thereafter made 120 payments to him. These payments ended in 1943. Meanwhile, in 1937, during the period when payments were being made, the insured, as_abóve stated, gave notice of the renewal of the life insurance policy and the two supplemental contracts. The defendant agreed to preserve the rights of the parties but took the position that there was no right to renew because of the disability payments.
The company claims that the policy ceased to be in force as a life insurance contract when the insured became totally and permanently disabled. The claim is untenable in view of the numerous provisions in the policy which indicate the contrary.
The word “ renew ” does not signify “ to continue.” It signifies, as the plaintiff claims, that there was given to the insured as part of his contract an option to renew the life insurance policy at a higher premium, unimpaired by any- payments made under the original disability contract. If the company *417 intended a restricted renewal, it should have phrased its agreement so as to indicate it.
We have had occasion to pass on the. effect of agreements to renew in the case of disability insurance in Klein v. Equitable Life Assurance Society (162 Misc. 115, affd. 248 App. Div. 720, leave to appeal to the Court of Appeals denied 273 N. Y. 678) and in Ginsburg v. Equitable Life Assurance Society (254 App. Div. 445). Both of these cases involved disability insurance apart from life insurance. The question presented was whether liability of the company under the policy was limited to 200 weeks in the aggregate period that the policy was in force or whether each renewal of the policy by the payment of an additional premium constituted a new contract and entitled the insured to compensation for the full period of 200 weeks for any disability occurring during any policy year. We clearly held that each renewal of the policy constituted a new contract and that the insured might recover indemnity for the full term contracted for in the policy if such disability occurred during any premium period.
Applying that principle to the case at bar, it seems clear enough that the references to disability payments and the exhaustion of the policy pro tanto relate to the original ten-year period only and so only to the original policy.
The first policy was issued for a premium which in the opinion of the company adequately paid for the coverage offered. The losses paid under the policy are fully compensated for by the said premium payments. There is nothing which could occur during the running of the first ten-year period which would affect the renewal at a higher premium for which the company contracted. Whatever coverage is given during the renewal period is adequately paid for by the increased premiums demanded under the renewal agreement.
Judgment should be granted to the plaintiff as claimed by plaintiff in the stipulation of facts, namely, in the sum of $7,736.38, with interest from February 5, 1945, without costs..
Martin, P. J., G-lennon, Dore and Cohn, JJ., concur.
Judgment unanimously directed for the plaintiff in the sum of $7,736.38, as claimed by the plaintiff in the stipulation of facts, with interest from February 5,1945, without costs. Settle order on notice. [See post, p. 869.]