FRED WISE, Plaintiff, *v.* NATIONAL CASUALTY Co., Defendant.
Supreme Court, Trial Term, New York County, February 28, 1950.

*Irving Levine* for plaintiff.

*Otho S. Bowling* for defendant.

DICKSTEIN, J. This case was submitted to the court on stipulation of the parties as to all the facts and a photostat copy of an insurance policy issued by the defendant providing indemnity for loss of time caused by sickness. This policy was issued by the defendant and was in force at the time the plaintiff made his claim for disability as therein provided. Paragraph 11 of the stipulation reads: " Plaintiff has complied with all the terms and conditions of the policy and defendant has declined to pay the sum demanded *on the ground that plaintiff became totally and permanently disabled from and after August 26, 1947.*" (Italics ours.)

It was on the last named date that plaintiff entered the hospital for an operation for the removal of a cancer of the esophagus. In that operation the larynx was removed and the operation destroyed the connection between the larynx and the mouth and the nasal passages so that plaintiff was not able to breathe through the mouth or nose. Plaintiff was paid disability benefits as provided for in the policy for a total period of fifty-two weeks commencing September 1, 1947, which is the maximum period provided for in Part V of the policy for " any one sickness ". Commencing with September 26, 1948, plaintiff re-entered the hospital for a series of operations for the reconstruction of his gullet. These operations did not involve the removal of any cancerous cells or cancer growths which were the subject matter of the operation as a result of which the defendant says the plaintiff became " totally and permanently disabled."

Plaintiff was a practicing physician for forty years, specializing in dermatology, and was formerly a clinical professor of dermatology and syphilology at Columbia University, chief of the clinic at Post Graduate Hospital and a past president of the American Dermatologic Association. As a result of the removal of his larynx in the first operation, he has permanently lost the power of speech. Nevertheless, he believes himself capable of practicing medicine to a limited extent and act as a consultant physician, for which purpose he still maintains an office at 870 5th Avenue, borough of Manhattan, city of New York, although he has not seen or treated any patient since August 26, 1947. Plaintiff is in full possession of his mental faculties and the stipulation of the parties states on this point that '' his senses and perception are better than normal for a man of his age.'' The plaintiff was born on October 3, 1881; he is therefore sixty-eight years of age.

The defendant resists payment, as has been stated, on the narrow ground that the plaintiff having been permanently disabled as a result of the first operation, he cannot claim another *permanent* disability as a result of a subsequent operation which could not in any way add to his '' permanent '' disability, but the defendant admits that under the policy, if another illness superseded the illness he suffered from, he would be entitled to compensation for disability resulting from such illness. That the first illness did *not* disable the plaintiff *forever* in that he could no longer practice his profession, is seen from the fact that he continued to maintain his office and was prepared to practice although to a limited extent. Furthermore, and I believe this is the crucial circumstance on this point (although, strangely enough, not referred to in the briefs submitted by either party), the defendant reserved the right to decline to renew this policy '' if the insured * * * ceases to be *actively* engaged in the medical profession '' or '' ceases to be an *active* member of the Medical Society of the County of New York.'' The defendant, although maintaining that the plaintiff ceased to be active in his profession, did not take any steps to cancel this policy.

The new operations are clearly separate and distinct from the first and his new disability entitles the plaintiff to compensation under the terms of the policy. Furthermore, the payment of renewal premiums extended the defendant's liability beyond the twelve-month period specified in Part V of the policy (*Ginsburg* v. *Equitable Life Assur. Soc.*, 254 App. Div. 445). Recovery will not be denied because an ailment might have predisposed the

insured to the illness for which recovery is sought. The disability ailments for the period commencing September 1, 1948, are not "cancer of the esophagus" from which the plaintiff suffered under the first illness under this policy (see *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419).

Judgment for plaintiff for the sum of $2,400, with interest as prayed for in the complaint.