Frank Del Vecchio, J.
This is a motion for summary judgment in an action to recover on a health and accident policy issued February 26, 1945 by defendant-movant.
By the insurance contract defendant agrees to pay benefits for total disability resulting from accidental injury at the rate of $150 per month until the insured attains age 60 years and thereafter at the rate of $75 per month so long as total loss of time continues. Payments for partial disabilty from accidental injury are at the rate of $60 per month for a maximum of three consecutive months. With regard to disability resulting from sickness, rather than accidental injury, the policy provides for payment for confining total disability at $150 per month until the insured reaches age 60 and thereafter at $75 per month so long as the confinement remains continuous, and for nonconfining total disability at $75 per month during total loss of time not to exceed three continuous months.
The complaint alleges that while the policy was in full force and effect on January 1,1946 plaintiff sustained an accident “ in *526 that the exhaust mechanism of the truck he was driving and operating became broken and discharged noxious gases of which plaintiff was unaware, into the compartment of said truck where plantiff was riding, causing grievous and permanent injury to plaintiff’s lungs ”, as a result of which he has since been wholly and continuously disabled thus sustaining a total loss of time. The complaint demands judgment for $12,150, being the payments allegedly due under the total accidental disability provision of the insurance contract, less the sum of $600 admittedly received by plaintiff since January 1, 1946.
It appears without dispute that in January, 1946 plaintiff filed with defendant an “ application for sickness benefits ”, previously furnished him by defendant in which he described his condition as “ coughing, headache, difficult breathing ” commencing on January 2, 1946 when he was employed as a truck driver, which employment ceased on account of his condition about January 10, 1946. Accompanying the application was a statement signed by plaintiff’s attending physician certifying a diagnosis of bronchial asthma for which plaintiff had first consulted him on January 11, 1946, and a statement by the employer, Keeshin Motor Express Company, that plaintiff “ quit work entirely on account of this illness on January 10th, 1946 ”. Nowhere in the application was there any reference to or description of any accident causing his condition. Both plaintiff and his physician estimated that he would be able to return to work about February 4,1946.
On March 1, 1946 plaintiff was still disabled and wrote to defendant requesting that $25.50 be deducted from his claim for sickness benefits and applied to the premium on his policy.
On March 2 plaintiff and his physician filed a further report substantially repeating the statements contained in the original application for benefits, with the exception of the estimated date for return to work.
On March 27, 1946 defendant’s agent and claim adjuster, John E. Van Bloom, called at plaintiff’s home and discussed his benefits under the policy. At that time Van Bloom, according to his own affidavit, “informed him (plaintiff) that under the policy he would not be eligible for disability payments due to the reported sickness beyond April 21st, and that since he claimed that he was still totally disabled on a non-confining basis and expected to continue so for several weeks, we would, if he so desired, settle with him at that time in full by paying him the amount already accrued, plus the amount that would accrue up to April 21st, 1946.” Upon plaintiff’s consent, Van Bloom issued checks totalling $275, one of which was for $25.50 which *527 plaintiff redelivered to Van Bloom in payment of Ms premium and the other for $249.50 was retained and cashed by plaintiff. The latter check contained the following provision: ‘ ‘ Pay Two hundred forty nine and 50/100 dollars ($249.50) to the order of Price George Turner in full settlement of all liability of the Mutual Benefit Health and Accident Association under Policy No. 154 S 72404-45 because of illness or injury sustained by payee on or about January 10,1946.”
In June, 1946 plaintiff filed and received payment of $40 on a claim for accidental disability benefits arising from his stepping on a nail on May 23, 1946. The application stated that plaintiff was self-employed as a plumbing and electrical worker and that he was “ totally disabled ” and “ unable to work ” from May 24, 1946 to May 31, 1946.
A third claim under the policy was filed in May of the following year when plaintiff made application for sickness benefits based on sciatic pains of the wrist, Mp and leg. Plaintiff’s occupation was described on the application as plumbing work — self-employed in which he stated he had steady employment at the time of his iUness. His final report stated that he was confined to Ms house from April 3, 1947 to May 23, 1947 and would be able to resume part of Ms work on June 11,1947. For the foregoing claim plaintiff received benefits in the amount of $292.50.
Sometime in 1949 an attorney called at defendant’s office with regard to receipt of further benefits by plaintiff as a result of the events occurring in January, 1946. However, it does not appear that anything further was done at that time nor until the commencement of the present action early in 1953.
Following a pretrial examination of plaintiff in September, . 1956, during which he admitted substantially all of the foregoing facts regarding claims and payments under the policy, defendant has moved for summary judgment dismissing the complaint on the following grounds:
(1) That plaintiff failed to give defendant required notice of the alleged accident within the time provided by the policy;
(2) That plaintiff failed to file affirmative proof of loss within the time provided by the policy;
(3) That plaintiff failed to bring the present action within the time limited by the policy;
(4) That defendant has paid in full all moneys due to plaintiff under the policy;
(5) That plaintiff has executed a release for a valid consideration discharging defendant from all liability arising out of the matters alleged in the complaint;
*528 (6) That the parties have effected an accord, satisfaction and compromise of the claims alleged in the complaint.
As to the first alleged ground for the present motion: The insurance contract in question contained the following standard provision as then required by subdivision 3 of section 164 of the Insurance Law: “ 4. Written notice of injury or sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness.” Defendant’s affidavits and memorandum of law stress repeatedly the fact that the company — at least until the commencement of this action — had never received any notice of the alleged accident occurring on or about January 1, 1946 giving rise to plaintiff’s claimed permanent disability. A careful reading of the above clause makes it clear however that no such advice was required. The contract provides for notice of injury, not — as defendant asserts — notice of the fact of the accident giving rise thereto. If there were any ambiguity in the contract, it would be resolved against the company issuing it. (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574; Silverstein v. Commercial Cas. Ins. Co., 237 N. Y. 391; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49.) However, the language of the policy is plain; all that was required was that defendant be informed of plaintiff’s injury.
It is undisputed that plaintiff filed a form with defendant in January, 1946 describing his condition and disability. The application contained as complete a description of plaintiff’s injury as was known to him, coupled with the statement of his physician detailing plaintiff’s condition. The affidavits are in conflict as to the date this was received — plaintiff claiming January 6, 1946 and defendant alleging January 26, 1946 — and on this point a factual issue appears to exist. It is agreed however that the form had been given to plaintiff following earlier communication by him with the company. Moreover, defendant accepted the same and treated it as adequate notice upon which to pay benefits under the policy.
The fact that plaintiff may have termed his condition a 11 sickness ” is not conclusive in determining whether he has complied with the policy requirement of notice. Defendant was advised, insofar as plaintiff was able, as to the nature and extent of the latter’s disability; in the view of this court, the no ticé was not necessarily rendered invalid because plaintiff characterized his condition as a sickness rather than an injury.
*529 In these circumstances, it may not he said as a matter of law that plaintiff failed to comply with the notice requirement of the insurance contract.
The following cases cited by defendant are not determinative. Burrows v. Loyal Protective Life Ins. Co. (Sup. Ct., Chenango County, Sept. 25, 1951, Zeller, J.); Titus v. Travelers Ins. Co. (268 App. Div. 802); Walterman v. Mutual Ben. Health & Acc. Assn. (260 App. Div. 478); Whiteside v. North Amer. Acc. Ins. Co. (200 N. Y. 320) are all cases in which no notice of any kind was given to the insurance company until after expiration of the contract period. MacKay v. Metropolitan Life Ins. Co. (281 N. Y. 42) related to the claimant’s failure to furnish proof of loss within the required time. In Hanna v. Commercial Travelers Mut. Acc. Assn. (204 App. Div. 258, affd. 236 N. Y. 571) the Court of Appeals specifically considered only the question whether the action was timely brought within the one-year limitation in the contract. In Rushing v. Commercial Cas. Ins. Co. (251 N. Y. 302) the policy referred expressly to notice of ‘1 the occurrence of an accident ’ ’ as contrasted with the notice of injury required in the present case.
Turning to the second and third defenses raised by defendant: viz.— that plaintiff failed to file timely proof of loss and that the present action was not commenced within the time limited by the policy; reference is again made to standard provisions incorporated in the contract:
“ 7. Affirmative proof of loss must be furnished to the Association at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Association is liable, and in case of claim for any other loss, within ninety days after the date of such loss.
“14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy; nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy.”
Since plaintiff’s present claim is “ for loss of time from disability ” it is apparent from the provisions quoted above that the 90 days within which plaintiff must file proof of loss does not begin to run until “ the termination of the period for which the Association is liable ” and that the two-year period within which to bring an action on the contract does not commence until “ the expiration of the time within which proof of loss is required by the policy ” —or, in other words, until 60 days *530 after termination of the period for which the association is liable.
As plaintiff’s attorney points out in his affidavit, the present action is based on an alleged permanent disability for which the association would remain liable until plaintiff’s death. It follows that, the termination of the period of liability not having occurred, the time for filing proof of loss — and for commencing action on the policy — has not yet expired.
As to the fourth alleged ground for this motion: Defendant pleads payment of all obligations due under the insurance contract. For this defense, it asserts that plaintiff has not been continuously disabled as a result of the accident in January, 1946 and is therefore not entitled to any benefits under the accidental total disability provision of the policy. In support of this statement defendant relies upon the fact that, in the applications for benefits filed in June, 1946 and May, 1947, plaintiff described himself as self-employed and set forth specific dates for commencement and termination of the claimed disabilities, which statements — confirmed by plaintiff on pretrial examination — are interpreted by defendant as negativing any continuing disability resulting from the accident in January, 1946.
In the view of this court, a question of fact has been created by the opposing affidavits with regard to the duration and extent of plaintiff’s disability. Defendant’s argument that a claimed period of disability occasioned by a punctured foot or a sciatic condition necessarily denies a continued disability from an injured lung is not convincing. Moreover, the statements contained in the applications referred to above are at best only admissions by plaintiff which he would be entitled to contradict or explain on trial. (Chamberlain v. Iba, 181 N. Y. 486, 492.) To that end, plaintiff’s affidavit details at length his circumstances during the period in question and sets forth facts which, if believed, might establish that he has been continuously disabled since January, 1946 as a result of the accident then sustained. In these circumstances, an issue of fact is presented which cannot be disposed of on a motion for summary judgment. (Werfel v. Zivnostenska Banka, 287 N. Y. 91.)
The fifth defense of release pleaded by defendant arises out of plaintiff’s acceptance and endorsement of the check in the amount of $249.50 delivered to him by defendant’s adjuster Van Bloom on March 27, 1946. The facts surrounding the acceptance of the check have been set forth above.
It is well established in this jurisdiction that a release executed through fraud, misrepresentation or mutual mistake may *531 be avoided upon proof of such facts. (Scheer v. Long Is. R. R. Co., 282 App. Div. 724.) In the case of an alleged mutual mistake, a distinction is made between mistake as to a past or present fact — which will avoid the release — and mistake in opinion regarding the probable future development of an injury, which will not avoid the release. (Mack v. Albee Press, 263 App. Div. 275, 277, aifd. 288 N. Y. 623; Brown v. Manshul Realty Corp., 271 App. Div. 222; Landau v. Hertz Drivurself Stations, 237 App. Div. 141.) “ In order to entitle the plaintiff to have the release rescinded in equity he must show that it was executed as the result of a mutual mistake as to an existing fact.” (Dominicis v. United States Cas. Co., 132 App. Div. 553, 556.)
There is no dispute between the parties with regard to the conversation and events surrounding delivery of the check and the alleged release on March 27,1946. It is apparent from what occurred that both parties to the transaction were acting under the belief that plaintiff’s disability was the result of a sickness — rather than an accidental injury — and that his benefits under the policy were limited to the three months ’ payments provided for such disability. The adjuster Van Bloom so advised the plaintiff and offered to make payment of the full amount which he stated plaintiff was entitled to collect; plaintiff accepted the payment, relying on and believing the statement by the adjuster that it was the total sum provided by the policy for his disability. If however plaintiff’s claim is correct that his condition was the result of an injury accidentally sustained in January, 1946, it becomes apparent that at the time of the alleged release plaintiff and Van Bloom were acting under mutual mistakes of present fact both as to the character of the disability and the applicable policy coverage, which errors are deemed sufficient under the rule stated above to vitiate the settlement.
Finally, defendant argues that the events occurring in March, 1946 affected an accord, satisfaction and compromise of all claims alleged in the complaint. The court is of the opinion that the facts as set forth in the affidavits submitted do not justify such a conclusion.
It is elementary that in order to have an accord and satisfaction there must be a bona fide dispute between the parties, “Unless there exists a genuine controversy concerning the amount due, mere payment by one party of a sum less than the whole of the claim and its acceptance by the other do not erect a foundation for such a settlement as may be deemed an accord and satisfaction. An indispensible (sic) element contributing to the establishment of this defense consists in an actual and substantial difference of opinion. One must assert the validity of *532 Ms claim and the other must in good faith deny all or part of it.” (Schuttinger v. Woodruff, 259 N. Y. 212, 216; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 301; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 371; Schnell v. Perlmon, 238 N. Y. 362, 367.) In the present case however it is apparent that no dispute existed between the parties at the time of the alleged accord and satisfaction. On the contrary, plaintiff and Van Bloom were in complete agreement in the belief — mistaken though it may have been — that, as of April 21, 1946, the company would be indebted to plaintiff under the policy in the amount of $275, which amount Van Bloom voluntarily offered to pay without any demand therefor having been made by plaintiff. So far as appears, neither party was even considering any liability for accidental injury benefits, so of course there could not then have been any dispute about them. The following statement, taken from Arnold v. Brotherhood of Locomotive Firemen & Enginemen (232 Mo. App. 325, 329), is appropriate: “ There is nothing in the record to indicate that, at the time the check was paid by defendant, there had been any claim made by plaintiff for any further payments, or, that defendant was denying liability on account of any claimed further disability or, in fact, any period of disability. There was, therefore, nothing to compromise or settle.” The fact that a portion of the amount paid was received in advance of the time when the liability accrued is not significant. Apparently plaintiff’s physical condition was such as to satisfy defendant’s adjuster that the former would continue disabled through the balance of the three-month period for which defendant was willing to concede liability; In that circumstance, advance payment did not constitute satisfaction of any disputed claim. Certainly, plaintiff cannot be held, simply by accepting what appeared to be a voluntary prepayment by defendant, to have settled a liability which was neither contemplated nor disputed at that time.
It is the conclusion of the court that there are factual issues which must be determined in the present-action before final judgment can be rendered.
Accordingly, the defendant’s motion for summary judgment must be deMed.
Prepare order.