**Thomas S. LIBERTO, Plaintiff,**

v.

**MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, a corporation, Defendant.**

**Civ. A. No. 70–895.**

United States District Court,
W. D. Pennsylvania.

March 11, 1971.

James P. Gill, of Spotts, Gill, Gavin & Morrow, Pittsburgh, Pa., for plaintiff.

Arthur R. Gorr, of Stein & Winters, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

Plaintiff sued the defendant on a health and accident policy basing jurisdiction on diversity of citizenship and an amount in controversy in excess of $10,000.[1]

The defendant moved for judgment on the pleadings, but subsequently having filed an affidavit, the court treated the motion as one for summary judgment. Rule 12(c), Fed.R.Civ.P. The allegations of the verified complaint and the undisputed facts in defendant's affidavit must be taken as true. The motion will be denied.

In 1956 the defendant issued its policy to plaintiff promising to pay him after the first 15 days, $300 a month for life in the event of total loss of time resulting from accident. On May 2, 1966, when the policy was in full force and effect, the plaintiff was injured in an accident resulting in total and permanent disability of which the defendant "has full and complete knowledge." The defendant made payments to plaintiff at the rate of $300 per month from May 2, 1966 to July 17, 1966, then tendered plaintiff $510 in full settlement which plaintiff refused to accept, and thereafter defendant refused to make further payments.

The complaint was filed on July 29, 1970, over four years after the accident.

The basis of defendant's motion is that the action was not filed within the three-year period of limitation contained in ¶ 11 of the policy, which paragraph is required by Pennsylvania law. 40 Purdon's Pa.Stat.Ann. § 753. This provision provides as follows:

> "11. *Legal Actions*: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

Proofs of loss are also required by the Pennsylvania statute above referred to and this provision, except for the first

---

1. The plaintiff should promptly amend his complaint to allege that he is a *citizen* of Pennsylvania (§ 1332(a) (1), 28 U.S.C.), and that the principal place of business of the defendant is in a state other than Pennsylvania (§ 1332(c), 28 U.S.C.).

sentence, is contained in the policy at ¶ 7 which provides as follows:

"7. *Proofs of Loss*: Periodic payment will be made in case of loss of time for which benefits accrue during a period of more than one month. Written proof of loss must be furnished to the Association at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Association is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

Paragraph 11 gives the insured plaintiff three years to commmence suit "after the time written proof of loss is required to be furnished." Paragraph 7 fixes the time for filing written proof of loss in case of continuing loss as being "within ninety days after the termination of the period for which the Association is liable * * *."

The period for which the insurer is liable to pay the totally and permanently disabled insured is "so long as the Insured lives." This period has not terminated, and the time for filing proof of loss has not expired. Thus the action is not barred by the three-year policy period of limitation.

No Pennsylvania cases have been brought to our attention construing ¶¶ 11 and 7 and we have found none, but similar provisions in health and accident policies have been interpreted in other jurisdictions in accord with our view. Turner v. Mutual Benefit Health & Accident Ass'n, 5 Misc.2d 524, 160 N.Y.S. 2d 883 (Sup.Ct.N.Y.1957), aff'd per curiam, 5 A.D.2d 951, 172 N.Y.S.2d 571; Paleias v. Equitable Life Assur. Soc. of U.S., 181 Misc. 1003, 42 N.Y.S.2d 698 (Sup.Ct.N.Y.1943), aff'd per curiam, 267 App.Div. 862, 47 N.Y.S.2d 116; Hollinsworth v. Provident Life & Accident Ins. Co., 112 W.Va. 629, 166 S.E. 276 (1932); Schilling v. Travelers' Ins. Co., 60 Utah 341, 208 P. 496 (1922).

■ Defendant asserts as a second reason for granting his motion that plaintiff has failed to give it notice of the continuance of his disability every six months as required by the terms of the policy. See ¶ 5 and defendant's affidavit.

Since the defendant refused to make any monthly payments after July 17, 1966, it having "full and complete knowledge" of plaintiff's total and permanent disability, the aforesaid provision is waived. It is a well-settled principle of insurance law that provisions in a policy regarding notices as well as proofs of loss, being for the benefit of the insurance company, may be waived by it. A denial of liability or a refusal to pay for disability by the insurance company constitute such a waiver of notices and proofs of loss. The law does not require useless and vain acts. 45 C. J.S. Insurance § 982(6) (h); Hughes v. Central Acc. Ins. Co., 222 Pa. 462, 71 A. 923; Fedas v. Ins. Co. of State of Penna., 300 Pa. 555, 151 A. 285; Karp v. Fidelity-Phenix F. Ins. Co., 134 Pa.Super. 514, 4 A.2d 529; *cf.* Poch v. Equit. L. Assur. Soc., 343 Pa. 119, 22 A.2d 590.

It is our opinion that plaintiff's action is not barred by any provision in the policy.

An appropriate order will be entered.