OPINION OF THE COURT
 

 Levine, J.
 

 This action involves a dispute over the meaning of language found in two insurance policies that ultimately will determine whether plaintiff’s action on the policies is time-barred. Each policy provides for the payment by defendant New York Life Insurance Company of $1,000 per month in the event of the "total disability” of plaintiff. "Total disability” is initially defined as "the complete inability of the insured to perform any and every duty pertaining to his or her occupation.” After five years of such disability, the definition becomes "the complete inability of the insured to engage for remuneration or profit in any and every occupation for which the insured is reasonably qualified, based upon his or her education, training, experience and prior average annual earnings.”
 

 Plaintiff, Maria Panepinto, claims that she continues to suffer from allergic rhinitis, a severe asthma caused by woolen dust particles that makes it impossible for her to perform her job as an executive overseeing the manufacture and sale of garments containing wool. On January 20, 1984, she filed a notice of claim for total disability and provided proof of loss to New York Life, including her allergist’s recommendation that she cease working with clothing and fabrics. Thereafter, pursuant to the terms of the policies, New York Life made monthly payments of $2,000 to plaintiff for a period of three years, during which it waived the payment of premiums due on the policies. Plaintiff was then examined by New York Life’s doctor and, relying on its doctor’s report that plaintiff was no longer
 
 *720
 
 totally disabled, on October 28, 1996 New York Life gave notice of termination of disability payments and other benefits under the two policies, retroactively effective August 6, 1986.
 

 Plaintiff commenced the instant action on June 28, 1990, approximately 31/2 years after the October 28, 1996 notice of termination. Supreme Court granted summary judgment for New York Life and denied plaintiff’s cross motion for further discovery, holding the action time-barred by the three-year limitations period included in the insurance policies. The Appellate Division affirmed (234 AD2d 4). We granted leave to appeal, and now reverse.
 

 Resolution of this appeal turns on the interpretation of the provisions of the policies specifying when their three-year limitations period begins to run. Paragraph 17 of the policies unambiguously links the commencement of the limitations period to the date proof of loss must be submitted, in providing that no action shall be brought "after the expiration of three years from the time written proof of loss is required to be furnished.” The dispositive issue, therefore, is at what point an insured with a continuing disability such as plaintiff’s is required to furnish proof of loss.
 

 Paragraph nine of the policies, entitled "Proofs of Loss,” states, in pertinent part:
 

 "Written proof of loss must be furnished to the Company at its Home Office. Such proof must be furnished
 
 within ninety days after termination of any period of disability for which the Company is liable.
 
 In case of claim for any other loss, such proof must be furnished within ninety days after the date of such loss” (emphasis supplied).
 
 *
 

 According to the language found under "Benefit 1” of the policies, New York Life must pay a "benefit for each continuous period of * * * disability” in the amount stated by the policies "for each full month * * * during which such disability continues without interruption.” The policies also include a
 
 *721
 
 "Lifetime Maximum Benefit Period” of obligation of New York Life for a disability that originates before the insured reaches the age of 65.
 

 Plaintiff contends that her disability commenced before age 65 and has "continue[d] without interruption” to this day. Thus, relying on the precise language of the policies, she asserts that there has not been a "termination of any period of disability for which the Company is liable” triggering her obligation to furnish proof of loss within 90 days thereafter and commencing the three-year limitations period. The majority of jurisdictions that have considered the meaning of identical language, found in the laws and insurance policies of other States, have determined this to be the most reasonable interpretation
 
 (see, Wall v Pennsylvania Life Ins. Co.,
 
 274 NW2d 208 [ND];
 
 Laidlaw v Commercial Ins. Co.,
 
 255 NW2d 807 [Minn];
 
 Continental Cas. Co. v Freeman,
 
 481 SW2d 309 [Ky App];
 
 Goodwin v Nationwide Ins. Co.,
 
 104 Idaho 74, 656 P2d 135;
 
 see also, Hofkin v Provident Life & Acc. Ins. Co.,
 
 81 F3d 365 [3d Cir];
 
 Clark v Massachusetts Mut. Life Ins. Co.,
 
 749 F2d 504 [8th Cir]).
 

 New York Life proffers two alternative interpretations of the policy provisions regarding the period of limitations for commencement of suit and time requirements for filing a proof of loss. First, it urges us to adopt the position of the Appellate Division that the limitations period was triggered by New York Life’s actual termination of plaintiff’s benefits. Accepting this interpretation would require us to rewrite the language found in paragraph nine of the policies, either by requiring submission of proof of loss after the "termination of benefits,” rather than the "termination of any period of disability” or by inserting, following the words "period of disability for which the Company is liable” the words "as determined by the Company.” As there is nothing in the policies that suggests that the obligation to provide timely proof of loss is triggered by the insurer’s unilateral decision to terminate disability benefits, we decline to adopt this view. It is noteworthy that no other jurisdiction construing the common disability policy provision at issue has espoused this view.
 

 Alternatively, New York Life contends that the "period of disability for which the Company is liable” in paragraph nine refers to each time interval for which New York Life must make a periodic payment under the policy terms. Applying this construction would have required plaintiff to file proof of loss within 90 days of the end of
 
 each
 
 monthly period for which
 
 *722
 
 the policies obligated New York Life to pay benefits and that the limitations period would run independently for each monthly installment. Thus, under this reading of the policy language, all of plaintiff’s claims for benefits more than three years and 90 days old would be time-barred. This interpretation has been adopted by a minority of jurisdictions
 
 (see, Nikaido v Centennial Life Ins. Co.,
 
 42 F3d 557 [9th Cir];
 
 Goff v Aetna Life & Cas. Co., 1
 
 Kan App 2d 171, 563 P2d 1073).
 

 We likewise find this interpretation unpersuasive. The minority view requires inserting into paragraph nine a reference to the periodic payment scheme of the policies in order to determine when the 90-day period for filing proof of loss commences. As noted by the United States Court of Appeals for the Third Circuit, this view simply cannot be reconciled with the language as written: "[W]e refuse to interpolate by judicial fiat the term 'monthly’ before 'period for which the Company is liable,’ when the [Legislature] declined to follow this course”
 
 (Hofkin v Provident Life & Acc. Ins. Co.,
 
 81 F3d, at 374,
 
 supra).
 

 Moreover, reading "any period of disability for which the Company is liable” to mean monthly payment periods is inconsistent with the policy language when read as a whole. For example, the duration of New York Life’s obligation to make monthly payments under the policies is limited by a "Maximum Benefit Period” that is variously defined in terms of either a lifetime, two-year or six-month period depending on the nature and onset of the disability. Likewise, under all three benefit types provided for in the policies, the "period of disability” is discussed not as a finite or fixed unit of time measured by the policies’ schedule of period benefit payments, but as a period of continuous disability which could extend over months and years. Paragraph 10 of the general provisions of the policies provides that, after submission of the initial written proof of loss, "all accrued monthly income benefits will be paid during the continuance of the period for which the Company is liable,” thus clearly distinguishing monthly benefits from the continuous period of liability. These references make it clear that a "period of disability” under the policies does not mean a monthly segment of the disability, but rather the entire period of disability for which benefits are available under the policies.
 

 The minority view also is belied by New York Life’s practical construction of the policies in making continuous disability benefit payments for an initial period of three years without ever requiring plaintiff to file written proofs of loss on a monthly basis
 
 (see, Solow v Avon Prods.,
 
 44 NY2d 711, 714,
 
 *723
 

 rearg denied
 
 44 NY2d 852;
 
 Brooklyn Pub. Lib. v City of New York,
 
 250 NY 495, 501,
 
 rearg denied
 
 251 NY 589;
 
 Nicoll v Sands,
 
 131 NY 19, 24 ["The practical construction put upon a contract by the parties to it, is sometimes almost conclusive as to its meaning”]; 3 Corbin, Contracts § 558, at 249;
 
 see also, Matter of Robins v Blaney,
 
 59 NY2d 393, 399 [applying rule of practical construction to statutory interpretation]).
 

 Thus, joining the majority of courts in other jurisdictions, we adopt the interpretation which most closely comports to the literal terms of the policies and hold that the proof of loss requirements, and, by extension, the three-year limitations period in the policies, commence upon the termination of the disability as an objective, medical fact. We note that this interpretation is in accord with the scarce New York case law on point
 
 (see, Turner v Mutual Benefit Health & Acc. Assn.,
 
 5 Misc 2d 524,
 
 affd without opn
 
 5 AD2d 951 [relied on by the courts in
 
 Hofkin v Provident Life & Acc. Ins. Co., supra,
 
 81 F3d, at 373;
 
 Oglesby v Penn Mut. Life Ins. Co.,
 
 877 F Supp 872, 886;
 
 Liberto v Mutual Benefit Health & Acc. Assn.,
 
 323 F Supp 1274, 1276];
 
 see also, Porter v Casualty Co.,
 
 70 Misc 246). Since there is an issue of fact as to whether plaintiffs total disability continues or terminated in 1986 as New York Life asserts, summary judgment based on the untimeliness of plaintiff’s claims is precluded
 
 (see,
 
 CPLR 3212 [b];
 
 Andre v Pomeroy,
 
 35 NY2d 361, 364).
 

 Concededly, the construction of the language that we embrace here could postpone the commencement of the limitations period indefinitely while the insured remains continuously disabled. Nonetheless, as no other interpretation is reasonably consistent with the policy language or the actions of the parties, we construe the provision as written. We reject New York Life’s contention that this interpretation will open the floodgates to stale claims. In this respect, we agree with the analysis of the Supreme Court of Minnesota: "An insured is not likely to wait years before filing proof of loss because he will want to receive benefits as soon as possible. He is required to give prompt notice of his claim, which was done in this case. If the insurer is actually prejudiced by a delay in presenting a claim, the claim may be barred by principles similar to those underlying the doctrine of laches”
 
 (Laidlaw v Commercial Ins. Co.,
 
 255 NW2d, at 812, supra;
 
 see, Matter of Schulz v State of New York,
 
 81 NY2d 336, 347-348).
 

 New York Life’s remaining argument — that plaintiff failed to submit appropriate notice of claim and proof of loss
 
 *724
 
 asserting disability benefits five years into her alleged continuing disability — is also without merit. Although the definition of "total disability” changes after five years of disability, there is nothing in the policies to suggest that the insured must file a new claim or proof of loss at that point.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, New York Life’s motion for summary judgment denied and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 This provision, like the three-year limitations period found in paragraph 17 of the policies, is mandated by statute to be included in all disability insurance policies issued in New York State (see, Insurance Law § 3216 [d] [1] [G], [K]). Although paragraph nine of the policies differs slightly from the statutory counterpart, the alternate language was authorized by the Superintendent of Insurance on the premise that it is no less favorable to the insured than the statutory language (see, Insurance Law § 3216 [d] [1]). However, neither party contends that the subtle differences are significant to the instant appeal.