**William A. HARRIS, Plaintiff— Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

**William A. Harris, Plaintiff—Appellee,**

v.

**Prudential Insurance Company of America, Defendant— Appellant.**

No. 02–55874, 02–55886.

D.C. No. CV–01–02754–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided March 16, 2004.

Douglas K. deVries, Esq., deVries Law Firm, Sacramento, CA, Robert K. Scott, Esq., D. Scott Mohney, Esq., Law Offices of Robert K. Scott, Irvine, CA, for Plaintiff–Appellant/Plaintiff–Appellee.

Ronald K. Alberts, Esq., Douglas Day, Esq., Beger & Kahn, Marina Del Rey, CA, for Defendant–Appellee/Defendant–Appellant.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiff William Harris appeals the dismissal of his action against the Prudential Insurance Company of America. The issue is when the applicable statutes of limitation governing Harris' breach of contract and bad faith claims were triggered.[1]

California courts have long held that an insured's cause of action against an insurer accrues upon receipt of the insurer's unconditional denial of liability to the insured.[2] *See, e.g., Neff v. New York Life Ins. Co.,* 30 Cal.2d 165, 170, 180 P.2d 900 (1947) (holding that "an unconditional denial of liability to the insured [gives] rise to an immediate cause of action"); *Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, 1143, 271 Cal.Rptr. 246 (1990) (holding that insureds' causes of action accrued when they "were aware of the factual predicate to their suit and were aware their claim had been unconditionally denied") (citation omitted).

It is undisputed that on January 11, 1996, Prudential informed Harris that it had considered his long-term disability claim, determined that the company was not liable beyond December 14, 1993, and terminated the claim. This was "unequivocal language that no further payment on the claim would be made." *Migliore v. Mid–Century Ins. Co.,* 97 Cal.App.4th 592, 605, 118 Cal.Rptr.2d 548 (2002). Thus, Harris' cause of action against Prudential accrued, and the statute of limitations began to run, on January 11, 1996. Under California law, the statute of limitations for breach of contract claims is four years. Cal.Code Civ. Proc. § 337(1). The statute of limitations for bad faith claims is two years. *See id.* at § 339(1); *see also Smyth v. USAA Property & Casualty Ins. Co.,* 5 Cal.App.4th 1470, 1477, 7 Cal.Rptr.2d 694 (1992). Harris' lawsuit, filed on February 9, 2001, is time barred.

Harris, citing to California Insurance Code §§ 10350.11 and 10350.7, as well as to the terms of Prudential's policy, argues that the statutes of limitation in this case have not been triggered.[3] However, the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we affirm the district court's ruling that Harris' action is untimely, we need not decide Prudential's cross-appeal from the district court's denial of its summary judgment motion.

2. It is undisputed that California is the forum state in this case and that Califorinia law is to be applied.

3. Cal. Ins.Code § 10350.11 provides: "A disability policy shall contain a provision which shall be in the form set forth herein. Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." Cal. Ins.Code § 10350.7 provides in pertinent part: "A disability policy shall contain a provision which

statutory and policy provisions Harris relies upon are simply inapplicable. We have previously held that § 10350.11 "is not itself a statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 648 (9th Cir.2000) (en banc). Consequently, "it also does not supply an accrual date for purposes of applying a statute of limitations." *Id.* at 649. "To the contrary, this statute simply establishes a contractual claim and proof of loss framework to be included in an insurance policy." *Id.*

Harris cites several out of circuit cases in support of his argument. *See Panepinto v. New York Life Ins. Co.,* 90 N.Y.2d 717, 723, 665 N.Y.S.2d 385, 688 N.E.2d 241 (1997) (holding that "proof of loss requirements, and, by extension, the three-year limitations period in the policies, commence upon the termination of the disability as an objective, medical fact"); *see also Hofkin v. Provident Life and Accident Ins. Co.,* 81 F.3d 365, 367 (3rd Cir.1996) (holding that insured must "submit proofs of loss within ninety days after the termination of a continuous period of disability, rather than on a monthly basis during the entire period of the disability"); *Murphy v. Metropolitan Life Ins. Co.,* 152 F.Supp.2d 755, 760 (E.D.Pa.2001) (same). These cases, however, are not only nonbinding, but directly contradict our prior en banc holding on this very issue. We are bound by our prior precedent to adhere to the statutes of limitation set forth in the California Code of Civil Procedure, rather than those set forth in the California Insurance Code. *See Wetzel,* 222 F.3d at 648 (recognizing that under California law, *"contractual* limitations periods ... operate distinct and apart from the *statu-*

*tory* limitations period set by the state legislature") (emphasis in the original) (citation omitted). A three-judge panel must follow the ruling of an en banc panel. *Osband v. Woodford,* 290 F.3d 1036, 1043 (9th Cir.2002) ("[A]n appellate panel simply cannot modify an En banc decision") (citations omitted) (alteration in the original).

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

The other courts that have considered this issue of state law have reached a conclusion at odds with that reached by my colleagues in the majority. These courts have determined almost unanimously that Section 10350.11, and provisions in policies providing similar language, supply an accrual rule for purposes of applying a statute of limitations, and that the insured is not required to provide proof of loss until the actual termination of his disability. *See, e.g., Hofkin v. Provident Life and Accident Ins. Co.,* 81 F.3d 365, 372–73 (3d Cir.1996) (holding that the insured was required to give proof of loss only after the termination of continuous period of disability); *Clark v. Massachusetts Mutual Life Ins. Co.,* 749 F.2d 504, 507 (8th Cir.1984) ("[T]he policy itself contemplates that proof of loss may be submitted after disability terminates."); *Panepinto v. New York Life Ins. Co.,* 90 N.Y.2d 717, 723, 665 N.Y.S.2d 385, 688 N.E.2d 241 (1997) (holding that the "proof of loss requirements, and, by extension, the three-year limitations period in the policies, commence upon the termination of the disability as an objective, medical fact"); *Wall v. Penn. Life Ins. Co.,* 274 N.W.2d 208, 214 (N.D.

---

shall be in the form set forth herein. Proofs of Loss: Written proof of loss must be furnished to the insurer ... within 90 days after the termination of the period for which the

insurer is liable ..." Prudential has incorporated the statutory language into its disability policies as required by law.

1979) (holding that where a claim is based on continuing disability, and the period of liability had not terminated, proof of loss was not yet required to be furnished, and the statute of limitations had not begun to run); *Goodwin v. Nationwide Ins. Co.,* 104 Idaho 74, 656 P.2d 135, 143–44 (Ct.App. 1982) (same); *Laidlaw v. Commercial Ins. Co.,* 255 N.W.2d 807, 812 (Minn.1977) ("[T]he statute of limitations does not begin to run until 90 days after the death of the insured in the case of permanent disability for which the policy provides lifetime benefits."); *Kaplan v. Northwestern Mut. Life Ins. Co.,* 100 Wash.App. 571, 6 P.3d 1177 (App.2000) (holding that proof of disability is not due until after termination of the insured's disability); *Continental Cas. Co. v. Freeman,* 481 S.W.2d 309, 312 (Ky.1972) (same); *but see Goff v. Aetna Life and Cas. Co.,* 1 Kan.App.2d 171, 563 P.2d 1073, 1077 (1977) ("[T]he statutory ninety days for filing proof of loss commences at the end of each month during which the insured is disabled."). Prudential asserts that provisions like Section 10350.11 supply only a contractual claim and proof of loss framework unrelated to whether the statute of limitations has begun to run, and that the limitations period is triggered after the insurer terminates the insured's benefits. Although some of the jurisdictions adopting and discussing the majority view speak of a minority view, no jurisdiction appears to have adopted Prudential's construction. *See Panepinto,* 90 N.Y.2d at 721, 665 N.Y.S.2d 385, 688 N.E.2d 241 (discussing this alternative view, stating that "there is nothing in the policies that suggests that the obligation to provide timely proof of loss is triggered by an insurer's unilateral decision to termi-

nate disability benefits," and noting that "*no* other jurisdiction construing the common disability policy provision at issue has espoused this view.") (emphasis added).

Thus, we are faced with the question of whether the California courts would adopt the rule followed by almost every jurisdiction to have considered the issue or the one asserted by Prudential. California courts have not addressed this question and existing case law is unclear.[1] *See CBS Broadcasting Inc. v. Fireman's Fund Insurance Co.,* 70 Cal.App.4th 1075, 1081–82, 83 Cal.Rptr.2d 197 (1999) (discussing section 10350.11 as creating a "three-year statute of limitations" for disability actions).

Yet, the majority asserts that this court has already decided the issue by holding that Section 10350.11 "simply establishes a contractual claim and proof of loss framework to be included in an insurance policy." *Wetzel,* 222 F.3d at 649. What we decided was that for the purposes of the Employee Retirement Income Security Act (ERISA), Section 10350.11 "does not govern when [such] claim[s] accrue" because the accrual of an ERISA cause of action is "determined by federal, rather than state, law." *Id. Wetzel* clearly does not control, and the discussion regarding the import of Section 10350.11 in this context is dicta.

Although I would be strongly inclined to predict that California would adopt the rule adopted by virtually every state to have considered the question, were we required to decide the matter, I would not reach the substantive issue here, but instead would certify it to the California Supreme Court. There is neither a Cali-

---

1. The policy provision at issue states that: "No action at law or in equity shall be brought to recover under the Group Policy prior to the expiration of sixty days after written proof of the loss upon which claim is based has been furnished as required above. No such action shall be brought more than three years after the expiration of the time within which proof of loss is required."

fornia Supreme Court nor a California Appeal Court decision that resolves this important issue. For us to do so in a memorandum disposition without giving the California courts a chance to consider it first does a disservice to our system of federalism. The fact that we reach the wrong decision only adds insult to injury. I respectfully dissent.